[No. 10,963. In Bank.—May 20, 1884.]

## THE PEOPLE, RESPONDENT, *v.* THOMAS CASEY AND JAMES DUNN, APPELLANTS.

CRIMINAL LAW —CONSTITUTIONAL CONSTRUCTION—INSTRUCTIONS AS TO EFFECT OF EVIDENCE.— The provision of the Constitution, article vi., section 19, which declares that judges shall not charge juries with respect to matters of fact, but may *state* the testimony and declare the law, is violated by an instruction which declares that "the testimony in the case *shows*" certain facts prejudicial to the defendant.

ID.—BURGLARY—INSTRUCTIONS. —Where the court instructed the jury that the owner of the property stolen had testified as to his ownership of all the property recovered, and had identified it, but the evidence showed that he had identified only a portion of it, *held*, that the instruction was prejudicial to defendant, and warrants a reversal of the judgment against him.

ID.—DEFECTIVE INSTRUCTIONS. —In a prosecution for the crime of burglary, an instruction that "if the defendants took the quilts between sunset and sunrise, they committed burglary in the first degree," is defective, and constitutes substantial error, although there had been previous instructions given which, when connected with the latter instruction, would remedy the defect. The instruction as given was without qualification, and it would be unsafe to assume that the. jury understood it otherwise.

APPEAL from a judgment of the Superior Court of Tehama County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*A. W. Gale,* and *Jasper Robberson,* for Appellants.

*Attorney-General Marshall, District Attorney Lewis,* and *J. T. Matlock,* for Respondent.

SHARPSTEIN, J.—It appears by the record that the court commenced its charge to the jury with the statement that the defendants were charged with the crime of burglary, and then read the statutory definition of the crime. At the request of defendant's counsel, the court instructed the jury that, "unless you (the jury) find that the defendants, at the time they entered the house referred to, had in their minds the intent to commit larceny, you must find them not guilty. To constitute a crime there must be a union of evil intent and evil act."

Some other instructions were given, after which the court gave the following: "The testimony in the case shows that the defendants, after they had taken the property to Thompson's, and as Thompson stated, endeavored to dispose of it, that they denied ever having seen the property before." This is in clear violation of that clause of the Constitution which declares that "judges shall not charge juries with respect to matters of fact, but may *state the testimony* and declare the law." To *state* the testimony is one thing. To declare what it *shows* is another and very different thing. It is for the jury, exclusively, to determine what the testimony *shows.*

After the jury had been out four hours, they returned into court and requested further instructions. The court then instructed them that "Walbridge testified that the quilts were his, and were in the Union Hotel the day before they were missed." The court was in error. Walbridge so testified as to one of the quilts only. He said he could not swear to the other two—they looked like the ones he had—he could not swear to them. If it were clear to our minds that this error could not have prejudiced the defendants, we might disregard it. But as we view the case, they may have been prejudiced by

it.   If all three of the quilts had been positively identified by Walbridge as his, and as having been in his hotel, the evidence would be somewhat stronger against the defendants than it now is.   As the case now stands, it does not positively appear to whom two of the quilts belonged, or that they were taken from the house of Walbridge.   Therefore the testimony of Walbridge, as stated by the court, is somewhat stronger against the defendants than it was as given by Walbridge.   The court at the same time instructed the jury that "if the defendants took the quilts between sunset and sunrise, they committed burglary in the first degree."

The only question which can arise in regard to this is whether the jury must not be presumed to have understood by it that if the defendants entered the house mentioned in the indictment between sunset and sunrise, and stole the quilts mentioned in the indictment from said house, they committed burglary in the first degree.   In other words, that the jury connected this instruction with those which had been previously given.   Possibly they did; but we cannot base a presumption on a bare possibility.   The court made no reference to anything which had gone before. The instruction as given is without qualification, and we think it would be unsafe to assume that the jury understood it otherwise.   If the court had instructed the jury that "if the defendants entered the house between sunset and sunrise, they committed burglary in the first degree," the same presumption might be invoked to sustain it.   It might then be said that the jury must be presumed to have supplied the defects and omissions by the same process which it is claimed they supplied those in the instruction excepted to.

These constituted the only substantial errors disclosed by the record, as we view it.

Judgment and order reversed.

MORRISON, C. J., McKINSTRY, J., and THORNTON, J., concurred.

ROSS, J., concurring:—I concur in what is said by MR. JUSTICE SHARPSTEIN in regard to the first instruction set out in his opinion, and in the judgment.