[No. 10,958. Department One. — September 1, 1884.]

THE PEOPLE, RESPONDENT, v. JAMES PERRY, APPELLANT.

CRIMINAL LAW—RECHARGING JURY.—It is not error for the court to recall the jury after they have retired for deliberation, and give them further instructions, without a request on their part. Such power is inherent in the court, and is not limited by section 1138 of the Penal Code.

ID.—INSTRUCTIONS—CHARGING JURY AS TO FACTS—CONSTITUTIONAL CONSTRUCTION.—Certain remarks by the judge in his charge to the jury, *held*, not an instruction as to matters of fact within the meaning of the Constitution.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The defendant was charged with and convicted of the crime of grand larceny. The remaining facts are stated in the opinion of the court.

*John D. Whaley*, for Appellant.

*Attorney-General Marshall*, for Respondent.

McKINSTRY, J.—No substantial error was committed by the court below. Two hours after the jury had retired for delibera-

tion, the court, without any request on the part of the jurors, directed that they be brought in, and proceeded to recharge them. It is not complained that the court erred in its recharge with respect to any matter of law, but it is contended that, by section 1138 of the Penal Code, the court is prohibited from charging a jury after they have retired, unless they shall themselves request the officer to conduct them into court. In the case at bar defendant and his counsel were present when the order was made that the jury should be brought in, and when the additional charge was given, but, so far as appears from the transcript, no objection was made to the order until after the charge was concluded. We think, however, that section 1138 only declares the right of the jurors to demand to be re-conducted into court; it is not a limitation upon the power of the court. The court possesses an inherent power to cause the jury to be returned for further instructions, a power wisely employed whenever the judge becomes convinced that he has not made them fully to understand an appropriate proposition of law, or has omitted to state portions of the testimony proper to be stated.

It is insisted that the court violated section 19 of article vi. of the Constitution, which reads: "Judges shall not charge juries with respect to matters of fact, but may state the testimony and declare the law." The court said: "The testimony there certainly could be no misunderstanding with regard to." And further: "I state as testimony in the case, the only testimony in the case touching the time when the watch was taken, is that tending to show it was taken near the door, and that of the defendant that he picked it up in front of the counter," etc. It is always safer to read testimony from the judge's notes, or from the short-hand reporter's notes if the judge can adopt them as correct; but if testimony has been introduced to prove a certain matter, the court may instruct the jury that testimony has been introduced tending to prove such matter, and such instruction is not an expression of the opinion of the court as to the weight or effect of the evidence, nor as to what fact has been proved. (*People* v. *Vasquez*, 49 Cal. 560.) It is not denied by appellant that there *was* testimony "tending to prove" that the watch was taken near the door, nor is it denied that defendant alone testified that "he picked it up near the counter." The use of the

word "taken," in the connection in which it was employed, did not imply an opinion of the judge that there had been a felonious taking. Nor was there fatal error in the statement that there could be no misunderstanding in regard to the testimony, which was merely a declaration that the words and meaning of the witnesses were clear and unambiguous. The credit to be extended to the testimony of each was left with the jurors, and appellant does not suggest that there was any doubt as to the meaning conveyed by the statements of the several witnesses. The judge did not charge the jury with respect to matters of fact within the meaning of the section of the Constitution.

Judgment and order affirmed.

McKEE, J., and ROSS, J., concurred.