[Crim. No. 466.   Second Appellate District.—May 6, 1916.]

## THE PEOPLE, Respondent, v. MANUEL PONCHETTE, Appellant.

CRIMINAL LAW—CONTINUANCE—DISCRETION OF COURT.—The granting or refusing a continuance in a criminal case is a matter largely in the discretion of the trial court, and it is only in cases where it is apparent that such discretion has not been wisely exercised that the appellate court is justified in reversing such ruling.

ID.—MURDER—REFUSAL OF CONTINUANCE—WHEN DISCRETION NOT ABUSED.—In a prosecution for murder there was no abuse of discretion in refusing a continuance of the trial on the motion of the defendant where the application was made after the trial was commenced and proceeded to the extent of impaneling a jury, and the record shows that the defendant produced the testimony of other witnesses to prove an *alibi* pleaded, the continuance being asked on the ground of the absence of a witness who, it was claimed, would testify to the *alibi*.

ID.—EVIDENCE—IMPEACHMENT OF DEFENDANT—WHEN ERROR CURED.— In a prosecution for murder, where the defendant testified to his age and the prosecution, to impeach him, called other witnesses to testify to previous statements of the defendant inconsistent with his testimony as to his age, but the court subsequently suggested to defendant's attorney that, if he would move to strike out the evidence, the motion would be granted, which was done, and the jury instructed to disregard the testimony, if the admission of the evidence was erroneous, it was rendered harmless by the later action of the court.

ID.—INSTRUCTIONS—FAILURE TO GIVE THROUGH INADVERTENCE—RECALL-ING JURY.—Where the court in a murder case, through inadvertence, failed to give certain instructions to the jury requested by the defendant, but shortly after the jury retired, recalled it and, with the consent of defendant's counsel, gave them, the court's action was not prejudicial to the defendant's substantial rights.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.   T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

Dorn & Parker, and A. L. Dorn, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

SHAW, J.—Defendant was convicted of the crime of murder in the first degree and sentenced to imprisonment for life. He appeals from the judgment and an order denying his motion for a new trial.

The alleged killing occurred in the city of San Diego on the night of June 15, 1915, at which time one John Douglas was fatally shot.

No testimony was tendered by anyone who witnessed the shooting, the evidence connecting defendant with the crime being largely of a circumstantial nature. Its character, however, is such that when considered in connection with statements proven to have been made by defendant, to the effect that he shot and robbed the deceased of a sum of money, was well calculated to leave little doubt in the minds of the jurors that defendant committed the crime with which he was charged.

The first error assigned relates to the action of the court in refusing a continuance of the trial upon application of defendant. The record shows that the cause was set down for trial on December 7, 1915. About 4 o'clock P. M. of said day, and after a jury had been impaneled to try the case, defendant applied to the court for a postponement of the trial upon the ground of the absence of Ben Eronas, a witness for whom a subpoena had been issued on November 26th, but not served. Defendant's affidavit was offered in support of the application, from which it appeared that Eronas, as defendant was informed and believed, had gone to Imperial County; that Eronas, if present, would testify that defendant spent the night upon which the crime was committed, to wit, June 15, 1915, at the house of said Eronas in the town of Escondido, distant some thirty or forty miles from San Diego, and that said fact could not be proved by any other witness. It was further averred by defendant that if the trial was continued one month affiant believed that he could have said witness present to testify as aforesaid. Section 1052 of the Penal Code provides that "when an action is called for trial, or at any time previous thereto, the court may, upon sufficient cause, direct the trial to be postponed to another day." The application for continuance, however, was not made when the case was called for trial, as provided in this section, but, as shown by the record, made after the jury had been impaneled and the trial had proceeded, presumably for a day. Not only so, but

it further appears from the record that defendant, notwith-
standing his affidavit, did produce other witnesses who testified
that defendant was in Escondido on the night the homicide
occurred, and the testimony, had it been produced, would have
been cumulative in nature. (*Hawley* v. *Los Angeles Cream-
ery Co.,* 16 Cal. App. 50, [116 Pac. 84].) The granting or re-
fusing a continuance in a criminal case is a matter largely
in the discretion of the trial court, and it is only in cases
where it is apparent that such discretion has not been wisely
exercised that this court is justified in reversing such ruling.
In view of the fact that the application was made after the
trial had commenced and proceeded to the extent of impanel-
ing a jury to try the defendant, together with the fact, as
shown by the record, that defendant did produce the testimony
of other witnesses who, had they been believed, would have
established the *alibi* pleaded, it cannot be said there was any
abuse of discretion in denying the application for a contin-
uance, nor that defendant was prejudiced in his substantial
rights by the ruling.

During the examination of defendant, who offered himself
as a witness, he testified as to his age. Thereafter witnesses
Lopez and Blair were called as witnesses on behalf of the
state, who, over defendant's objection, were permitted to tes-
tify as to previous statements made by defendant as to his
age, which statements were inconsistent with his testimony.
The theory of the people, and also of the court, in making
the ruling was that such testimony was proper as tending
to impeach the evidence given by defendant. At a later stage
in the trial, however, the court suggested to defendant's attor-
ney that if he would move to strike out the evidence the
motion would be granted. The motion was made and the evi-
dence of these witnesses with reference to the statements so
made by the defendant was stricken from the record and the
jury instructed to disregard such testimony. Conceding the
first ruling of the court in admitting the testimony to have
been erroneous, any prejudicial effect thereof was rendered
harmless by the later action of the court.

When the court instructed the jury it had before it several
instructions which had been requested by defendant. Through
inadvertence, however, these instructions, other than the first
one so requested, were not at the time given the jury. Shortly
after the jury had retired the court discovered the omission

and had the jury recalled, when, addressing defendant's attorney, the court said: "I overlooked certain instructions. I will give them to the jury now, if you do not object, Mr. Ellis," to which defendant's attorney replied: "No; that is just in accordance with my wishes." Whereupon the court read to the jury the instructions requested by defendant, in so far as they had not theretofore been given. It is inconceivable how such action could have been prejudicial to defendant's substantial rights; indeed, the recalling of the jury and giving them the instructions requested by defendant was favorable rather than otherwise, since it tended to emphasize the declarations of law therein contained. "The court possesses an inherent power to cause the jury to be returned for further instructions, a power wisely employed whenever the judge becomes convinced that he has not made them fully to understand an appropriate proposition of law, or has omitted to state portions of the testimony proper to be stated." (*People v. Perry*, 65 Cal. 568, [4 Pac. 572].)

While defendant claimed to have been in another town some thirty or forty miles from the place where the crime was committed on June 15, 1915, and produced testimony to show such fact, nevertheless it is apparent that the jury did not believe the same; and since there was ample testimony, if they did not believe such witnesses, upon which to base its verdict, the judgment and order appealed from must be affirmed, and it is so ordered.

Conrey, P. J., and James, J., concurred.