[Crim. No. 1351. Second Appellate District, Division Two.—January 25, 1927.]

THE PEOPLE, Respondent, v. TOM D. RICHARDS, Appellant.

[1] CRIMINAL LAW — RAPE — JURIES AND JURORS — RESTATEMENT OF EVIDENCE BY COURT—INSTRUCTIONS—NONPREJUDICIAL ERROR.—In a prosecution for rape, although, on the return of the jury into court for further instructions, the trial court's statement of the evidence was unjust and unfair to defendant and constituted error, under section 19 of article VI of the constitution and section 1138 of the Penal Code, such error did not result in a miscarriage of justice · under section 4½ of article VI of the constitution sufficient to require a reversal, where the evidence of defendant's guilt was overwhelming.

---

(1) 16 C. J., p. 953, n. 30; 17 C. J., p. 368, n. 5.
See 8 Cal. Jur. 300; 14 R. C. L. 730.

APPEAL from a judgment of the Superior Court of Tulare County and from an order denying a new trial. J. A. Allen, Judge. Affirmed.

The facts are stated in the opinion of the court.

Karl A. Machetanz for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

CRAIG, J.—The appellant in this case was charged by information with the crime of rape, alleged to have been committed by force and violence, and against the resistance, of a female not his wife, in the county of Tulare, on or about the fifth day of July, 1925. The jury returned a verdict of guilty, a motion for new trial was presented which was denied, and this is an appeal from the judgment and from the order denying such motion.

The only question here in controversy is as to whether or not the trial court committed reversible error in a statement made by it following protracted deliberation and return by the jury into court for further instructions. We deem it expedient to first relate the predominant facts as they were presented to the jury by the respective parties.

It is conceded that on the evening of July 4, 1925, the prosecutrix, the appellant, and a companion of the latter drove from the city of Visalia to Porterville, and thence to Terminus Beach, at the invitation of appellant, and in the latter's automobile; that the appellant and the prosecuting witness danced at the beach, and at about 11:30 P. M. started back toward Visalia; that the third party did not return with them; that the two principals followed the Mineral King Highway for a distance of six or seven miles, whereupon the defendant turned on to a by-road, stopped his car, turned out the lights, and stepped from the car; that he walked to her side of the machine and she moved to the other side and stepped out; they both testified that shortly afterward the defendant had intercourse with her. The crux of the case consists of the construction placed by the jury upon conflicting evidence as to whether there was resistance or voluntary submission upon the part of the

prosecutrix, and, as to whether or not the remarks of the trial court improperly influenced the jury in its conclusion in this respect, as indicated by the verdict. The girl testified that the defendant threw her to the ground; that she fought, kicked him, and pulled his hair, and that she struggled until too exhausted to further resist; that she screamed nearly all of the time, and that the defendant told her that if she did not keep quiet he would knock her senseless, and ten other witnesses, including a physician, corroborated her testimony as to her physical condition. It appeared that her clothing was soiled, her hair was matted with dirt, her body was bruised and she was in such a deplorable state that she was confined to her bed for several days thereafter. In the face of these facts the defendant testified that the prosecuting witness had submitted with almost no reluctance.

The jury retired at about 4 o'clock P. M., and on the following morning returned into court, whereupon the foreman stated that some of them could not understand the question of fact, as to "whether it was force or whether it was not." The trial judge replied as follows:

"That is for the jury to determine. The court cannot instruct you as to whether it was force or not. The court cannot give any instruction that involves a construction by the court of what the facts are, that is, as to how the jury should find the facts. The jury should determine these facts for themselves.

"Now, this case has been tried twice and the jury have all the evidence before it, and it appears to the court as though they ought to arrive at a verdict; and the only thing the court can do is to give you further time to consider it. It might *state the testimony* to the jury in relation to the fact that you have inquired about. The defendant admits the sexual intercourse. He testified it was obtained by consent of the prosecuting witness. On the other hand, the prosecuting witness testifies that she did not consent; that the act was committed by force and by threats of great bodily harm, and that she was exhausted and gave up. She came into town with the defendant. She was covered with filth—that is, with dirt; her clothing, her arms and face and her hair full of dirt and dust. Three or four witnesses besides her testified to those facts. They testified to bruises on her body. She was with the defendant up to the time

she arrived in town and at her home. She immediately went up the stairs and told her friend of what had occurred. And the testimony of her friends and of the doctor are that she was in the condition as stated by the court; that is as the testimony has been given by those witnesses. Now it is for the jury to determine from all the facts whether the defendant committed the act by force or not, or by threats of great bodily harm.''

The authorities upon which appellant relies for a reversal recite and condemn expressions of trial courts stating their conclusions to juries upon the testimony before them. In *People* v. *Casey*, 65 Cal. 260 [3 Pac. 874], it was said, ''To *state* the testimony is one thing. To declare what it *shows* is another and very different thing. It is for the jury, exclusively, to determine what the testimony *shows*.'' (Italics in original.) In that case the jury were told that the evidence *showed* that the defendant had endeavored to dispose of the property, the subject matter of the action. In *People* v. *Pitisci*, 29 Cal. App. 727 [157 Pac. 502], the jury were present when the court stated to counsel that a given theory was ''an absurdity.'' Other inhibited statements to juries, such as ''Do not be contrary,'' ''it seems very plain to me,'' ''as to those facts there is no contention and you must find accordingly,'' that they were not at liberty to disregard the testimony of a witness, that ''of course'' the defendant ''has a powerful motive to swear himself out of this thing,'' and that as men of common sense they must recognize the interest of the defendant's daughters, who testified in the case.

Section 19, article VI, of the constitution provides that, ''Judges shall not charge juries with respect to matters of fact but may state the testimony and declare the law.'' In the instant case the trial judge stated the testimony of eyewitnesses, without resort to details, and correctly declared that ''it is for the jury to determine from all of the facts whether the defendant committed the act by force or not, or by threats of great bodily harm.'' It nowhere appears that the court indicated a belief as to the truth or falsity of any witness' testimony, or that the jury should believe the facts to be true as had been testified, or find for or against the defendants if they believed them.

As long as we preserve the system of giving the jury the exclusive right to pass upon matters of fact and exclude

judges from that right, no suggestion must be made by the trial court as to its opinion upon the weight of evidence or the credibility of witnesses. It is indeed a difficult matter to avoid error in that regard and to state a considerable portion of the testimony, especially in trials of long duration. Hence, in a number of instances our supreme court has advised that trial judges refrain entirely from the exercise of their authority to state the evidence, and has further suggested that if it be found necessary to state the evidence, all of the testimony be read. The wisdom of such a course cannot be doubted. However, trial courts are often confronted with situations which no measure of foresight or degree of wisdom can prophesy or provide against. And so, in many cases a wide discretion is permitted, and the rule is universally accepted that all intendments must be resolved favorably to the rulings made at the time of the trial. In connection with this question in spite of the pointed advice against the statement of the testimony, in a number of cases in this state, and in numerous other jurisdictions where similar provisions as to the distinction between the province of the court and the jury exist, the action of a trial judge who has stated the testimony had been held not only to be not prejudicially erroneous, but free from error. Therefore, trial courts may state the testimony, using their own language to do so. They may do this without giving all of the testimony or having it read by the stenographic reporter. This was done and was upheld in the following cases: *People* v. *Perry,* 65 Cal. 569 [4 Pac. 572]; *People* v. *Wilson,* 23 Cal. App. 513 [138 Pac. 971]; *People* v. *Vasquez,* 49 Cal. 561; *People* v. *Christensen,* 85 Cal. 568 [24 Pac. 888].

Of all of the instances where the supreme court has advised against this procedure perhaps the danger has been most pointedly set forth and the admonition most pronounced in *People* v. *Matthai,* 135 Cal. 442 [67 Pac. 694]. It will be sufficient for the purpose of this case to take that decision as a measure. If we may safely say that the instruction here under consideration does not violate the fundamentals there indicated as reasons for the warning given, no error has in fact been committed, although by pursuing the course which followed great risk of falling into such

error was perhaps unnecessarily run. In that case it was said:

"It is as dangerous as it is unnecessary for the court to attempt to state the evidence. To state the evidence means to state it with fairness and exactness, and this is impracticable, unless all of the evidence in the case should be repeated. The attempt usually results, as it has in this case, in an instruction upon the facts, or upon the supposed facts, which is both argumentative and unjust—argumentative, because the apparent opinion of the court as to the defendant's guilt can be seen thinly veiled; unjust, because of its assumption of matters either not proved, or at least in dispute—an assumption which eliminates any consideration of the evidence favorable to the defendant, and which, coming from the court, bears most heavily against him."

The instruction which the trial court had given was very lengthy, and, as the opinion points out, assumed a number of important facts which were in dispute, and contained statements which were clearly argumentative. Such an instruction called forth a strong caution against the practice of attempting to state the testimony to the jury; and yet, it was certainly not intended to deny to trial courts the right provided by our state constitution to "state the testimony." The objection to the court attempting to do this is based upon the proposition that such an effort usually results in an instruction which is both argumentative and unjust. From a careful analysis of the instruction of which complaint is here made, we cannot say that it is in any sense argumentative. It cannot be said that the court's opinion is exhibited by its statement of the testimony of the witnesses. In the opinion in the Matthai case it is said that such an instruction is usually unjust "because of its assumption of matters either not proved, or at least in dispute. In the instruction in the case at bar nothing was assumed. The court did no more than to state the effect of the testimony of the defendant himself and that of other witnesses, all of whose statements, except those of the complaining witness, were entirely undisputed. In view of other decisions of our supreme court it cannot be concluded that the trial court in its exercise of the authority conferred by the provision of the constitution to which we

have adverted must give a *verbatim* statement of the testimony of witnesses, or none at all.

In *People* v. *Perry, supra,* the trial court instructed the jury that "The testimony there certainly could be no misunderstanding with regard to." "I state the testimony in the case, the only testimony in the case touching the time when the watch was taken, is that tending to show it was taken near the door, and that of the defendant that he picked it up in front of the counter." While the supreme court, in commenting upon this instruction, stated that it is always safer to read the testimony from the judge's notes or the shorthand reporter's notes, still, the instruction quoted is held not to have been erroneous, since it did not invade the province of the jury by expressing an opinion of the court as to the weight of the evidence nor as to the facts proved. The same may be said of the instruction to which objection is here urged. The most serious criticism that can fairly be made is that in stating the testimony upon the point as to which the jury had requested further information (that is, whether the defendant used force or not in committing an act which he admitted), the defendant's evidence is stated more briefly than that of the prosecution. However, from a careful reading of the transcript it appears, as the jury must have also known, that this was necessary, since the people produced many witnesses whose testimony bore upon that issue, whereas, no other witness than the defendant gave testimony for him, and his own evidence on the question of force was substantially confined to the statement that the prosecuting witness consented to the act of intercourse. When the court stated that the defendant testified that the intercourse was obtained "by consent of the prosecuting witness," it put the matter more strongly favorable to the defendant than did his own testimony, for nowhere in his recitation of the transaction did the defendant say that the prosecutrix gave her express consent to the intercourse, although it is true that from his version of the occurrence consent might well have been inferred.

The constitutional provision is, not that the trial court may "quote" or "have read" the testimony, but that it may "state" the testimony. In doing this some discretion must be left to the judge as to the form of the statement. As long as such statement is complete upon this subject of

inquiry, does not assume an argumentative trend, or is not unjust, it is within the authorization of the constitution.

But the trial court in *People* v. *Matthai, supra,* it will be observed, also took it upon itself in general instructions to the jury in the first instance to state the testimony and to construe it, upon an isolated issue in the case, whereas in the instant case the jury returned into court after receiving the instructions and having deliberated upon a verdict, requesting information upon the point already mentioned. Section 1138 of the Penal Code provides that: "After the jury have retired for deliberation, if there be any disagreement between them as to the testimony, or if they wish to be informed on any point of law arising in the cause, they must require the officer to bring them into court. Upon being brought into court, *the information required must be given* in the presence of, or after notice to, the district attorney, and the defendant or his counsel, or after they have been called."

It has been held that under such circumstances the judge may re-state the testimony of a witness (*People* v. *Ybarra,* 17 Cal. 166), that the judge may state it from recollection, read his minutes, or a memorandum taken by another (*People* v. *Boggs,* 20 Cal. 432), but that the court is required to give only such instructions as may be asked (*People* v. *Anthony,* 20 Cal. App. 586 [129 Pac. 968]). In the case at bar the jury returned and asked as to whether or not force was used by the defendant in the accomplishment of the admitted intercourse. This question the court declined to answer, and twice stated that it was not authorized to do so, but it did state that the defendant denied such fact, whereas witnesses for the prosecution had testified to conditions which we have heretofore related. We think that under the provisions of the section last cited, in view of the fact that much of the evidence upon the point in question was circumstantial, the trial court did not err in re-stating from recollection the evidence of such circumstances as tended to indicate the use of force, and the testimony of the defendant directly denying it, and tending to indicate that there was none. Furthermore, it may appropriately be remarked that the appellant does not contend that the trial court misstated the testimony in any respect. The most that can be said of his argument is that the court was without

authority to give the instruction complained of. But the supplemental instruction added nothing to those already given, and merely gave the jury a re-statement as required by section 1138 of the Penal Code. They were then emphatically, and properly, told that they alone could decide the question asked by their foreman.

Appellant insists that the verdict itself indicates that the jury were influcnced to convict him by the remarks of the trial court. It reads as follows:

"We, the jury, find the defendant guilty as charged in the information.

"J. W. Munsey, Foreman.

"We the jury recommend the greatest leniency in this case."

It is but a truism to say that the defendant was guilty or that he was not guilty, and that it appears from the verdict that, although the jury may have felt constrained to intercede for him, yet, bearing in mind the admonition of the trial court that they should determine the facts for themselves, they were finally convinced beyond a reasonable doubt that he was guilty. As said in *People* v. *Collins,* 195 Cal. 325 [233 Pac. 97], the language of the first paragraph that appellant is guilty of the crime charged is complete and unequivocal, and the additional words recommending mercy or leniency are merely surplusage.

From what has been said herein, other points presented do not require further discussion, and, prejudicial error not appearing, the judgment and order appealed from are affirmed.

WORKS, P. J., Concurring.—[1] I concur in the judgment, but on the grounds different from those stated in the foregoing opinion. I cannot escape the conclusion that the trial court erred in the statement made to the members of the jury when they returned to the courtroom after some time spent in deliberating on the case. I think, however, that the error does not require a reversal.

If we consider the judge's statement as a recital of the evidence in the cause, it was unfair to appellant. He remarked: "He [the appellant] testifies it [the sexual intercourse] was obtained by the consent of the prosecuting witness." This is the only part of the judge's statement which

relates to testimony given on behalf of appellant. On the other hand, he recited in considerable detail, during the remainder of his comment, the testimony produced by the prosecution. It will appear below that the testimony of defendant himself contained matter of detail which could have been given by the judge in connection with his comparatively lengthy statement of the testimony produced by the prosecution. The entire statement was so one-sided as to be unjust to appellant, and it was therefore erroneous, even upon the assumption that it was a statement of testimony.

But the judge's recital was not altogether a statement of testimony. He did not state testimony when he said that appellant had testified that the sexual act was committed "by consent of the prosecuting witness." Appellant testified to conduct of his alleged victim from which the jury might have concluded that she had voluntarily yielded herself to his embraces. The evidence is undisputed that the two were together for some hours preceding the time when the act of sexual intercourse took place. They had been to a dance together and traveled together in appellant's automobile for miles. Appellant testified that the prosecuting witness submitted, without protest, to suggestive handling and pressure on his part while they danced together. He said that she was kissed by him several times in his car, without objecting. As to the few minutes immediately preceding his alleged violation of her person, he detailed conduct on her part which, if his testimony was to be believed, indicated that she was a willing participant in the act to which it is claimed he forced her. The jury, judging from the verdict, refused to believe appellant, but his testimony might have had greater weight with that body if the judge had stated it as fully as he stated the testimony offered by the prosecution, instead of giving his mere conclusion that appellant had testified that the prosecuting witness had consented to his act.

The judge did not state the evidence when he said: "She was covered with filth—that is, with dirt; her clothing, her arms and face and her hair full of dirt and dust." The remark was in form a statement of his own, and the jury must so have considered it. It is true that he followed it with: "Three or four witnesses besides her testified to those facts"; but, considering what he had just said, the

jury must have viewed this addition, not so much as a statement for them, as one indicating the basis upon which the judge had reached his own conclusion.

On the whole, and taking the judge's entire statement, I think the jury must have concluded that he was convinced that appellant had violated the person of the prosecuting witness. To my mind, two decisions of the supreme court uphold the view that the remarks of the judge constitute error. (See *People* v. *Gordon*, 88 Cal. 422 [26 Pac. 502]; *People* v. *Matthai*, 135 Cal. 442 [67 Pac. 694].)

I think, however, that the error of the trial court cannot result in a reversal. I have examined the entire cause, including the evidence, as required by section 4½ of article VI of the constitution, and am not of the opinion that the error has resulted in a miscarriage of justice. The evidence against appellant was overwhelming.

THOMPSON, J., Concurring.—I concur in the foregoing opinion.