[Crim. No. 1773.   Second Appellate District, Division One.—March 26, 1929.]

THE PEOPLE, Respondent, v. M. K. WALTON, Appellant.

William Christensen for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and Warner I. Praul for Respondent.

CRAIL, J., *pro tem.*—■ Defendant was convicted of the crime of forgery. It is his first contention that the trial court erred in denying his motion for a continuance, made on the day of trial and based on the want of preparation and the absence of material witnesses. However, there is no showing of reasonable diligence on the part of defendant in his affidavit in support of the motion (*People* v. *Ponchette,* 30 Cal. App. 399 [158 Pac. 338]; *People* v. *Winters,* 125 Cal. 325 [57 Pac. 1067]); and the affidavit fails to state the facts to which the witnesses would testify if present. (*People* v. *Fountain,* 170 Cal. 460 [150 Pac. 341].)

■ The only other contention of defendant is that the trial court committed prejudicial error in refusing to grant appellant's motion for a new trial on the ground of newly discovered evidence. The newly discovered evidence consisted of the testimony of the defendant, his father and a friend as to the whereabouts of the defendant on a certain date and also that he did not wear certain clothing on that date. The defendant was a witness at the trial and, as shown by his affidavit, made on the day of the trial, his father was assisting him in marshaling the evidence in his defense. There is no showing of reasonable diligence to discover this testimony before the verdict was returned and it does not appear that if the evidence were introduced on a retrial of the cause a different verdict would be probable. (*People* v. *Froehlich,* 65 Cal. App. 502 [224 Pac. 471];

*People* v. *Oxnam,* 170 Cal. 211 [149 Pac. 165].) There was no abuse of discretion with regard to either order.

Judgment and order affirmed.

Houser, Acting P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 10, 1929.