[Crim. No. 2823. Second Appellate District, Division Two.—January 10, 1936.]

THE PEOPLE, Respondent, v. LORRAINE HEWITT, Appellant.

S. S. Hahn, W. O. Graf and Phi O. Clough for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

WOOD, J.—Defendant was charged in an information with the crime of attempted murder of Joseph E. Walsh. She was found guilty by a jury and appeals from the judgment and from the order denying a new trial. Defendant and Walsh had lived together for a period of about two years prior to August 30, 1935, except during the last two months of this period. About 6 o'clock in the evening of August 30, 1935, Walsh and the defendant held a telephone conversation in which they arranged to meet later at his "place". Walsh did not keep the appointment, but attended a dinner party at the home of a mutual friend at which there were present two other men and three women. Defendant had not been invited to this party. At about 9 o'clock of the same evening, while the dinner guests were seated at a table in the dining room, defendant appeared in the doorway with a revolver. Walsh was seated directly facing her as she stood in the doorway. At that moment the dinner guests were laughing at some story which had been told. Defendant said, "This is a fine how-do-you-do" and "this is not going to be funny", whereupon she raised the revolver and fired four shots at Walsh, wounding him in the chest and in the right arm. Defendant then left the premises and was arrested the following morning. These facts are undisputed.

Defendant's main contention on appeal is that the court erred in not instructing the jury that the defendant could not be convicted of attempted murder unless the jury should find that she intended to take the life of Mr. Walsh. Defendant relies upon the case of *People* v. *Mize*, 80 Cal. 41 [22 Pac. 80], in which it is held that the intention to take human life must be proved in order to establish the crime of

attempted murder. We do not think, however, that there should be a reversal of the judgment in this case for failure to give the instructions offered. The evidence of the guilt of the defendant is so overwhelming that no verdict could be justified other than that returned by the jury.

After the jurors had been sent out to deliberate the court of its own motion recalled them for further instructions. In its original instructions the court had informed the jury on the subject of the law pertaining to assault with a deadly weapon with intent to commit murder. When the jury was recalled the court instructed them that they should disregard the instruction on this point and then instructed them on the law pertaining to attempted murder as charged in the amended information. This action on the part of the court is now assigned as error, the defendant arguing that it tended to confuse the jury. Under the circumstances the action of the court was proper in recalling the jury to give them appropriate instructions and it is apparent that the defendant was not prejudiced thereby.

Defendant also contends that the court of its own motion should have directed the jury that it could return a verdict finding defendant guilty of assault with a deadly weapon or of simple assault. As heretofore pointed out, the evidence could lead to but one conclusion, that of guilt of the crime charged. The court was justified in submitting this issue only to the jury. There has been no miscarriage of justice.

The judgment and order are affirmed.

Crail, P. J., and Gould, J., *pro tem.*, concurred.