[Crim. No. 691. Fourth Dist. Oct. 24, 1950.]

THE PEOPLE, Respondent, v. FRED FLORIANO, Appellant.

Henry F. Rager and Louis Olio for Appellant.

Fred N. Howser, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

BARNARD, P. J.—This appellant was convicted of rape, sex perversion and kidnaping under section 209 of the Penal Code, and was acquitted of the crime of robbery. He appeals from the judgment and from an order denying his motion for a new trial. The factual background is the same as that in *People* v. *Hernandez*, No. 689, *ante*, p. 128 [223 P.2d 71].

The contention that the evidence is insufficient to support the verdict on the charge of kidnaping under section 209 of the Penal Code is without merit for the reasons given in the decision to which we have just referred.

It is contended that the court erred in permitting the prosecution to cross-examine this appellant on matters not covered in his direct examination. On direct examination he testified that he did not know and could not remember what he did after he and the other defendants arrived at a certain place at a time which was shortly before the defendants met the victim on the highway and forced her into the car. The contention here made is that the court, over an objection, permitted the prosecution to question him with respect to the subsequent happenings "which were not touched on in the direct examination." While the appellant had testified that he had "blacked out" from drinking too much, to the extent that he knew nothing of what had happened after they reached the point in question, it had been brought out on the cross-examination of his own witnesses that he had thereafter talked, walked and danced normally. While the appellant points out no specific instances where the cross-examination is claimed to have been improper, the record does show that he was asked

a number of questions on cross-examination concerning subsequent happenings for the purpose of testing his credibility as a witness. No error appears in this connection. Moreover, no prejudice appears as the questions asked were all answered to the same effect: ''I don't remember'' or ''I don't know.''

This appellant further contends that certain comments of the trial judge were prejudicial to him. These are the same remarks, commending the lawyers on both sides for the way in which they had presented the case, which were considered in the opinion in *People* v. *Hernandez*, No. 690, *ante*, p. 136 [223 P.2d 77]. For the reasons there given, no prejudice appears.

It is next contended that the court abused its discretion in refusing to grant a continuance on the motion of one counsel for this appellant. One of appellant's counsel represented him at the arraignment on October 14. On October 28, the case was set for trial for December 19. On December 19, the other of appellant's attorneys was associated with the first one. The new attorney then moved for a continuance, which was denied without prejudice. The motion for a continuance was renewed on December 20 when it was argued and submitted. On December 21, after a jury had been selected, the motion for a continuance was granted and the trial was continued until December 27, giving counsel an additional six days in which to prepare their case. No reason is suggested as to how or why appellant's counsel was in any way hampered in selecting a jury, and no facts are pointed out which in any way indicate any prejudice suffered in that connection. The matter was one within the discretion of the court, and no abuse of that discretion appears.

The judgment and order appealed from are affirmed.

Griffin, J., concurred.