THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ARTURO VÁZQUEZ SANDOVAL, k/a BERTO, Defendant and Appellant.

No. 15812.    Argued January 24, 1955.—Decided January 31, 1955.

Mario Báez García for appellant. José Trías Monge, Attorney
General, and Ramón Olivo Nieves, Special Fiscal of the
Supreme Court, for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the
Court.

The appellant was accused, tried before a jury, and sentenced for the crime of rape, consisting in that..."he unlawfully, maliciously, and criminally, had carnal intercourse by force and violence, without her consent, with María Núñez Rodríguez, who was not...his wife and who showed resistance, but was overcome by the force and violence employed by the defendant."

Before the date set for trial the defendant filed a motion to dismiss upon the ground of his immunity under Act No. 13 of April 9, 1941 (Sess. Laws p. 346) because, as he alleged, he had appeared as witness before the prosecuting attorneys, at their request, and had made a sworn statement in the investigation of the facts which culminated in his arrest and conviction. The court denied said motion, holding that the defendant should raise this defense at the trial and not by motion. When the case was called for trial, the defendant produced once more his motion to dismiss and the court again denied it because it was premature. During the trial and after the prosecuting attorney introduced the evidence for the prosecution, the defendant again raised his defense of immunity. The judge, after hearing in the absence of the jury the evidence concerning said defense, dismissed it, continuing the trial without submitting to the jury's consideration the defense of immunity or the evidence thereon.

In his first two assignments the appellant alleges that the trial court erred: (1) in overruling the defense of immunity, and (2) in failing to submit to the jury the evidence on said defense for it to determine whether or not defendant was protected by the provisions of Act No. 13 of 1941.

■ We do not agree. The evidence supporting the plea of immunity consisted in defendant's own testimony and the testimony of detective Antonio Fraticelli and prosecuting attorney Plinio Pérez Marrero. A written statement of defendant was also introduced. The latter's oral testimony is to the effect that he was called to testify as a witness before the prosecuting attorney, to find out what he knew about the case; that detective Fraticelli went to his house and summoned him without informing him that he was the defendant; that he denied the commission of the crime at the office of the prosecuting attorney. Fraticelli testified that the prosecuting attorney gave him a summons and he proceeded to serve it on defendant, taking him to the prosecuting attorney's office; that he did not tell defendant the object of the summons but that defendant himself told him that it was a "frame up"; that he was being accused of something he had not committed. Prosecuting Attorney Pérez Marrero testified that the prosecutrix, María Núñez, and her uncle went to his office to complain of an alleged rape committed on her person and she accused defendant as the alleged guilty party; that he ordered defendant to be summoned for investigation in order that she identify him; that when defendant arrived he was asked whether he had committed the offense and he denied it; that he made no sworn statement before the prosecuting attorney; that he made a statement before a stenographer, but it was not sworn because the prosecuting attorney did not administer the oath.

Said written statement does not appear to have been sworn before the prosecuting attorney and in it defendant denies having committed the offense, stating that he has never

had sexual intercourse with the prosecutrix and that on the day of the occurrence he got up at six o'clock in the morning, had gone for the milk, made coffee and left afterwards for his father's store at 25 José de Diego St.

This evidence establishes at most that the defendant was summoned for investigation, that he was asked if he had committed the offense, that he denied it, and that he was identified by the prosecutrix.

The first question for decision is whether appellant is covered by the immunity granted under Act No. 13 of 1941 and as a corollary, whether his defense of immunity was improperly dismissed. In *Batalla* v. *District Court*, 74 P.R.R. 266, we stated at page 292 that the intention of the Legislature of Puerto Rico upon approving Act No. 13 was: "to furnish a means to compel a witness summoned in a proceeding, prosecution or investigation, to give testimony against a defendant, granting said witness, in return for his testimony, absolute immunity if the testimony should incriminate him" and we added, "as to the *witnesses* summoned in proceedings, prosecutions or investigations the privilege [against self-incrimination] has been removed through the guaranty of immunity established in its § 1, which is absolute and, therefore, coextensive with the privilege of which they are deprived."

Appellant in the case at bar was not deprived of his privilege against self-incrimination. His statements to the prosecuting attorney in no way incriminated him. The written statement introduced in evidence, even if it had been sworn to, did not incriminate him either. This testimony does not reveal the elements of the crime, nor the sources or means by which the prosecuting attorney could have obtained evidence of its commission or evidence connecting the defendant with the crime. *Batalla* v. *District Court, supra; Counselman* v. *Hilchcock*, 142 U. S. 547. Under these circumstances, the appellant cannot plead successfully that he was covered by the immunity granted by Act No. 13.

■■ The second question for decision is whether the judge was bound to submit to the jury the defense of immunity and the supporting evidence introduced.

This Court has held that a defendant cannot raise, by way of a special plea in bar, his right to immunity; that said right, if it exists, can only be raised as a defense, within his plea of not guilty.[1] *Batalla* v. *District Court, supra.* An issue of fact arises upon a plea of not guilty or upon a plea of a former conviction or acquittal of the same offense. Section 177 of the Code of Criminal Procedure. If the defendant is tried by a jury the latter must try the issues of fact. Section 178 of the Code of Criminal Procedure. However, an allegation of former jeopardy may involve an issue of fact which should be submitted to the jury, or one of law which may be decided by the court. *People* v. *Pérez*, 47 P.R.R. 724. We cannot apply a different rule to the defense of immunity. Where there is no dispute as to the facts, the only problem consists in determining the legal effect of those uncontroverted facts. That is a question of law within the exclusive province of the court. See *People* v. *Rivera*, 67 P.R.R. 259.

In the case at bar, there was no controversy as to the facts on which appellant bases his right to immunity. It was incumbent on the court to decide the question as one of law, and in so doing it did not err. Said defense, under the circumstances of the case, did not have to be submitted to the consideration of the jury.

■ In his third and fourth assignments appellant challenges the admission of the testimony of Bernabé Núñez as

---

[1] Section 162 of the Code of Criminal Procedure of Puerto Rico provides that there are four kinds of pleas to an information, to wit:

1—Guilty.

2—Not guilty.

3—A former judgment of conviction or acquittal of the offense charged, which may be pleaded either with or without the plea of not guilty.

4—Once in jeopardy.

corroborative evidence. This witness testified as to the complaint made to him by the prosecutrix two days after the occurrence. The trial court admitted his testimony on the theory that the victim's statements (complaint) to the witness were part of the *res gestae*. It committed no error. The prosecutrix was a girl 14 years and 3 months old. She lived with her father and stepmother. On the morning of July 20, 1953, the girl, according to her own testimony, was alone at her home. The defendant, who lived next to her, came through a window, muffled her, showed her a knife, threatened to kill her, dragged her to the bedroom and after laying her on the bed abused her. The evidence establishes that although on said day and the following, the prosecutrix spoke with her father and with some neighbors, without revealing to them what had happened, her silence was due mainly to fear because defendant had threatened to kill her if she spoke and to kill any of her relatives who interfered in the matter. The record further shows that the statements made by the prosecutrix to her uncle, two days after the occurrence, were spontaneous and made at the first opportunity she had to complain, free of duress, and therefore were admissible to corroborate her own testimony. *People* v. *Fuentes*, 63 P.R.R. 42; *People* v. *Muñoz*, 68 P.R.R. 159; *People* v. *Lugo*, 70 P.R.R. 134; *People* v. *López*, 76 P.R.R. 354.

██ The fifth assignment of error is without merit. The judge asked the prosecutrix if prior to the occurrence she had had sexual intercourse with any other man to which she answered in the negative. Defendant objected and moved that the jury be withdrawn. The judge so ordered, but immediately thereafter the defense withdrew its petition and invited the judge to question the prosecutrix. The judge repeated the question and she again answered negatively. We do not see how appellant can now validly complain of a question to which as a matter of fact he did not object or take

an exception. On the other hand, assuming that the question was improper, the error is harmless. The defendant denied the facts, pleading an alibi for his defense. We agree with the *Fiscal* of this Court that proof of the moral conduct of a woman prior to the act which gives rise to an information for rape is only admissible in order to contest the offended female's lack of consent. *People* v. *Español*, 16 P.R.R. 203; *People* v. *Flores*, 45 P.R.R. 421; but when an accused denies the facts, as in the instant case, there is no question whatsoever of consent and said proof is no longer pertinent. *Sanders* v. *Commonwealth*, 269 S.W. 2d 208; 1 Wigmore *on Evidence*, 3d ed., § 200; 140 A.L.R. 364.

◼ The appellant discusses jointly the sixth and seventh errors. He alleges that the trial court erred (1) in giving instructions to the jury, and (2) in splitting instructions, giving general instructions to the jury after they were deliberating.

Appellant urges that the instruction given by the judge "to the effect that any point in the testimony of a witness which is corroborated is sufficient corroboration, is erroneous and still more erroneous if he ratifies said instruction by expressly stating that the corroboration of a single point is enough . . ." Without accepting that said instruction is correct, there are two reasons for overruling the error assigned. The first is that appellant made no effort to correct said instruction although the judge asked the parties whether they wished additional instructions or any explanations in connection with the instructions. A defendant should not remain silent, as appellant in the case at bar did, when an irregularity, which he considers prejudicial to his rights, occurs at the trial and subsequently, after the case is closed, assign on appeal, if convicted, said irregularity as error. *People* v. *Márquez*, 67 P.R.R. 303; *People* v. *Emmanuelli*, 67 P.R.R. 626; *People* v. *Cortés*, 69 P.R.R. 319, 324; *People* v. *Arroyo*, 67 P.R.R. 33; *People* v. *Vázquez*, 75 P.R.R. 22, 27, 28.

■ The second ground is that there was sufficient corroborative evidence. *People* v. *Flores, supra*. The testimony of Bernabé Núñez in the sense that the prosecutrix told him that the "defendant had done the injury in her house" and that "he forced her with a knife to have sexual contact with him in bed" connects the defendant with the commission of the crime. See *People* v. *Maldonado*, 17 P.R.R. 22; *People* v. *de Jesús*, 18 P.R.R. 575; *People* v. *Vázquez*, 40 P.R.R. 245; *People* v. *Feliciano*, 53 P.R.R. 402; *People* v. *Márquez*, 64 P.R.R. 354; *People* v. *Muñoz*, 68 P.R.R. 159.

■ The incident with respect to the alleged splitting of instructions is as follows: After withdrawing to deliberate, the jury expressed its wish to return to the courtroom in order to clarify a certain doubt. Once instructed as to the doubt, the judge stated: "However, although I asked all the parties whether they wanted any additional instructions, no one stated that I had forgotten to give an instruction, and I must give it now." Immediately thereafter he proceeded to give an instruction with respect to alibi, which, as we have seen, was the defendant's theory of defense.

It is not improper to recall the jury for further instructions not given through inadvertence. *People* v. *Ponchette*, 30 Cal. App. 399. When the jury has not been properly instructed, the judge has discretion to supplement his charge. *People* v. *Hewitt*, 11 Cal. App. 2d 197; *Harrison* v. *State*, 138 S.W. 2d 785; *Hyde* v. *State*, 26 S.E. 2d 744; *Barnes* v. *State*, 29 S.E. 2d 919; *State* v. *Moore*, 76 P. 2d 19; *Coupe* v. *United States*, 113 F.2d 145. With more reason that is so when the court asks the parties if they wish additional instructions to be given, or whether those given should be corrected and the parties remain silent and especially when the additional instructions, far from prejudicing the defendant, rather benefit him inasmuch as they are instructions concerning the theory of defense. The errors assigned were not committed.

Nor was error committed in weighing the evidence as a whole and in finding appellant guilty of the crime of rape, as he alleges in the eighth and last assignment. The absence of bloodstains in the bed is not conclusive as to the fact that the offended party did not bleed, if it is considered that she was not asked whether or not she had bled or whether her undergarments and housecoat were bloodstained. Neither is it a controlling factor with respect to the guilt or innocence of the defendant, the fact that it does not clearly appear from the evidence how and when the father of the prosecutrix found out about the facts.

Since none of the errors assigned was committed, the judgment appealed from will be affirmed.