[Crim. No. 5459.   Second Dist., Div. Two.   Feb. 24, 1956.]

THE PEOPLE, Respondent, v. DAVE SHERMAN, Appellant.

Morris Lavine for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

FOX, J.—Defendant Sherman appeals from the judgment of conviction on two counts of armed robbery.

Count 1 involves the robbery of Melvin W. Keel, manager of Cole's Market in Long Beach, of $12,580 on October 17,

1954. Sherman and his codefendant Lane* were identified by the victim and Joe Forest, the Coca-Cola man.

Count 2 relates to the robbery of Charles M. Bailey, manager of Market Town, in Gardena, of $5,800 on July 28, 1954. Bailey and John Halsey, delicatessen manager of the market, identified Sherman.

Defendant took the stand and denied participation in each of these robberies. He testified he was at home resting on the dates of the robberies.

Defendant came into court in a wheelchair and wearing a mask over his mouth, such as is used by tubercular patients. In addition to his alibi defense, he also contended that, due to his physical condition, he could not exert himself and therefore could not run out of a store rapidly, as prosecution witnesses testified the robbers did.

To rebut defendant's story that he was physically unable to participate in the robberies, the People called George Longanecker, an apartment-house owner in Long Beach where defendant had resided from July 15, 1954, to the time of his arrest on November 10, 1954. This was a two-story building. Longanecker related that he wanted a television installed, and that defendant assembled the antenna on the ground, then carried it up a ladder and installed it on the roof without anyone's help. Defendant denied having climbed the ladder and insisted that a television man had installed the antenna.

Defendant bases his claim for a reversal on (1) the exclusion of certain evidence, and (2) the refusal of the trial court to grant a continuance to enable Dr. Crahan, the county jail physician, to appear and testify in his behalf.

Defendant complains of the exclusion of two items of evidence. The first relates to the means the county jail doctor provided for him to come to court; the second is the exclusion of Dr. Crahan's medical report on him.

, As previously noted, defendant appeared in court wearing a tubercular mask. He testified he was wearing it pursuant to the order of Dr. Mark of the county jail; that prior to entering jail he was suffering from tuberculosis for which he had been treated for two and a half years in a Denver sanitarium; that while in that institution he had an operation on his lungs, during which a sponge was inserted in his right

*Lane withdrew his plea of not guilty and entered a plea of not guilty by reason of insanity. He is not involved in this appeal. Sherman will therefore be referred to herein as the defendant.

lung; and that since the operation he had been unable to run or walk rapidly.

As also previously noted, defendant came into court in a wheelchair. He was asked by his attorney: "Have you been brought over here to court in a wheelchair?" An objection was sustained. Counsel then asked him: "Did the doctor at the County Jail arrange for some means of your coming to court other than walking or running?" Objection was sustained to this question on the ground of immateriality. Counsel stated it was part of the defense that by reason of defendant's physical condition he could neither walk nor exert himself in the manner prosecution witnesses had described and therefore defendant was entitled to show he had been brought into court by means of a wheelchair which the doctor at the jail ordered and not because he himself had selected that means of getting to court. The court held this proposed evidence was immaterial. The ruling was correct for it was clearly immaterial whether the doctor at the county jail had arranged for defendant to come to court in a wheelchair.

When the case came on for trial on February 8, 1955, the court appointed Dr. Crahan, under section 1871, Code of Civil Procedure, to examine the defendant with particular reference to any chest condition, for the purpose of determining whether or not he was physically able to continue with the trial. The report did not indicate in any way that defendant was physically unable to proceed with the trial. Near the conclusion of the trial the defendant offered this report in evidence. The trial judge examined the report and held it was immaterial because it did not indicate "that the condition therein reported was a condition existing at the time of the alleged offense, or that in anywise incapacitated or interfered with the defendant's ability to do the things and perform the acts that he is alleged to have performed at the time of the alleged robberies." The report was not only immaterial but it was also hearsay. It was therefore not an abuse of discretion to exclude it. (*Decter* v. *Stevenson Properties, Inc.*, 39 Cal.2d 407, 420 [247 P.2d 11].)

At approximately the conclusion of the trial, defendant made a motion for a continuance in order to produce Dr. Crahan, who was said to be engaged in another court that day, to testify along the lines of the above-mentioned report which he had previously submitted to the court relative to the ability of defendant to go to trial. For the reasons

stated above, the court ruled that such testimony would be immaterial. The court also noted there was no return showing service of a subpoena on Dr. Crahan. For these reasons the motion was denied. In the absence of a showing that the testimony that Dr. Crahan would give was material (*People* v. *Mellon*, 40 Cal. 648; *People* v. *Walton*, 97 Cal.App. 782 [276 P. 426]), and that diligence had been exercised in an attempt to procure his attendance (*People* v. *Jocelyn*, 29 Cal. 562), there was no abuse of discretion in denying a continuance. (*People* v. *Northcott*, 209 Cal. 639 [289 P. 634, 70 A.L.R. 806]; *People* v. *Collins*, 195 Cal. 325 [233 P. 97]; *People* v. *Floriano*, 100 Cal.App.2d 140 [223 P.2d 79].)

The judgment is affirmed.

Moore, P. J., and Ashburn, J., concurred.