## EL PUEBLO *v.* DE JESÚS.

### APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 438.—Resuelto en junio 24, 1912.

DERECHO PENAL—VIOLACIÓN—EDAD DE LA VÍCTIMA—RENUNCIA DE LA MEJOR EVIDENCIA.—El acusado que permite sin objeción alguna la presentación de prueba testifical para probar la edad de la víctima, renuncia a la presentación de otra evidencia mejor que pueda existir y es por tanto ocioso que este tribunal resuelva en este caso, si la certificación de nacimiento del registro civil es la mejor prueba para demostrar la edad de la perjudicada.

ID.—ELEMENTOS DE PRUEBA.—Un tribunal puede considerar todo elemento de prueba que se le presente sin objeción de la parte contraria.

ID.—DECLARACIÓN DE LA VÍCTIMA—CORROBORACIÓN.—De acuerdo con el artículo 250 del Código de Enjuiciamiento Criminal enmendado por la ley de marzo 11 de 1909, es un requisito en casos de violación el que la declaración de la perjudicada sea corroborada.

ID.—CORROBORACIÓN DE LA DECLARACIÓN DE LA VÍCTIMA.—Para que una declaración pueda estimarse corroborada, no es preciso que todos sus particulares lo hayan sido, sino que es bastante con que lo sea en algunos extremos tendentes a relacionar al acusado con el crimen que se le imputa.

ID.—CONFESIÓN DEL ACUSADO.—La confesión hecha por el acusado del delito de violación que se le imputa no sólo es una corroboración de la declaración de la perjudicada, sino que por sí sola constituye prueba suficiente del delito.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel F. Rossy.*

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

El apelante Concepción de Jesús fué acusado ante la Corte de Distrito de San Juan, Sección 2ª. por el delito de violación cometido el día 6 de agosto de 1910, en la persona de la niña menor de catorce años, Amalia de Jesús.

En vista de la alegación de inocencia hecha por el acusado se celebró el juicio correspondiente ante un jurado, el que lo declaró culpable de ese delito, y habiendo sido negada una solicitud de nuevo juicio que hizo el acusado, fué éste condenado a sufrir la pena de cinco años de presidio con trabajos forzados, contra cuya sentencia y resolución que le negó el nuevo juicio, interpuso apelación para ante esta Corte Suprema.

Los motivos en que el apelante se funda para pedir la revocación de la sentencia son dos: 1º. Que no se probó la edad de la víctima de acuerdo con la ley; 2. Que no se probó la realización del hecho criminoso imputado al acusado. Estos dos motivos fueron también el fundamento de la solicitud de nuevo juicio.

Sostiene el apelante que la manera de probar la edad de la perjudicada es con la certificación del registro civil de nacimientos y que sólo en defecto de esta clase de evidencia, ha podido admitirse otra, por lo que llega a la conclusión de que la edad de la niña no ha sido probada de acuerdo con la ley, y estima que ello es un fundamento para revocar la sentencia y ordenar un nuevo juicio.

La única evidencia en este caso respecto de la edad de Amalia de Jesús es su propia declaración en el juicio, en la que manifestó que tenía trece años, y la de su padre, quien testificó que para la tormenta de San Ciriaco tenía su referida hija tres o cuatro meses de edad.

Es ocioso que tratemos y resolvamos ahora si la mejor evidencia de la edad de una persona es o nó la certificación de su

nacimiento librada con vista de los libros del registro civil, ya que el acusado no hizo objeción a que los mencionados testigos declarasen respecto de la edad, y toda vez que uno de los medios para probarla es por medio de declaraciones de testigos.

Si el acusado hubiera hecho tal objeción a esas preguntas fundado en que debía presentarse como mejor evidencia la certificación del registro civil, entonces deberíamos resolver tal cuestión; pero, no habiéndola hecho, abandonó el derecho que pudiera tener a tal clase de evidencia y, habiendo consentido aquellas preguntas, tácitamente admitió que se probara la edad por medio de testigos.

En el caso de *Falero* v. *Falero*, 15 D. P. R., 118, se ha tratado extensamente esta cuestión y se llegó a la conclusión que el tribunal puede considerar todo elemento de prueba que se le presenta sin objeción de la parte contraria. (Véase también el de *Pérez* v. *The Yabucoa Sugar Co.*, 15 D. P. R., 214.)

En cuanto a la manera que el padre testificó, tomando conocimiento judicial de que la tormenta de San Ciriaco ocurrió en esta isla el 8 de agosto de 1899, llegamos a la conclusión de que en 6 de agosto de 1910, fecha que indica la acusación como de la comisión del delito, tenía la perjudicada de once a doce años de edad.

El segundo motivo de error está basado en que la declaración de la perjudicada no ha sido corroborada, requisito que exige la ley de 11 de marzo de 1909 enmendando el artículo 250 del Código de Enjuiciamiento Criminal.

La citada enmienda efectivamente exige que en delitos de violación sea corroborada la declaración de la perjudicada, y esto requiere que hagamos un resúmen de la evidencia para venir en conocimiento de si tal requisito de la ley fué o nó cumplido.

De la exposición del caso que forma parte del récord de esta apelación, resulta que la única prueba presentada en el juicio fué la de la acusación, consistente toda en declaraciones de testigos, los que sustancialmente declararon así:

El Dr. Manuel Fossas, que el día 8 de agosto de 1910 reconoció los órganos genitales de la niña Amalia de Jesús, encontrando que había sido desflorada, sin poder precisar si el acto se realizó con o sin la voluntad de ella, aunque hubo que ejercer alguna fuerza porque la niña era muy joven y todavía no era mujer.

Saturnino de Jesús, declaró ser el padre de dicha niña, la que tenía tres o cuatro meses de edad para la tormenta de San Ciriaco; que ese día quedó sola en su casa la niña y que el acusado no acostumbraba a visitar la casa del declarante.

Amalia de Jesús testificó tener 13 años y vivir con su padre en Cataño; que conocía al acusado quien el día 6 de agosto como a la una de la tarde pasó por delante de su casa guiando un coche y le pidió un poco de agua, la que le sirvió, después de lo cual el acusado puso la copa en el suelo y cogiéndola por un brazo la echó en un catre, se bajó los pantalones y tuvo actos carnales con ella; que gritó y llegó Pablo Meléndez quien la encontró llorando y la condujo al cuartel de la policía; que el acusado la amenazó y él le metió un pañuelo en la boca.

Pablo Meléndez expuso que un día del mes de agosto llegó con su bote y lo amarró cerca de la casa de Amalia de Jesús, diciéndole entonces un muchacho, que en aquella casa estaba una niña echando sangre por entre las piernas, por lo que el declarante fué allá, le preguntó a ésta lo que pasaba, ella le contestó que un cochero le había metido un pañuelo en la boca y que cuando fué a la casita la muchachita estaba sola allí limpiándose.

El testigo Julio María Izquierdo, Jefe de la Policía Insular en Cataño, conoce al acusado, quien a preguntas que le hacía el declarante, le contestó que él había cometido el delito de violación.

Justino Ortíz, también policía insular presenció cuando el acusado sin ser amenazado ni prometiéndosele nada, hizo en el cuartel la manifestación de que era verdad; que no sabía

como lo había hecho y que estaba dispuesto a casarse con la muchacha.

Para que una declaración pueda estimarse corroborada, no es preciso que todos sus particulares lo hayan sido, sino que es bastante con que lo sea en algunos tendentes a relacionar al acusado con el crimen que se le imputa.

*El Pueblo* v. *Maldonado,* 17 D. P. R., 23.

En este caso, como puede verse por el resumen que hemos hecho de las declaraciones, no está falta de corroboración la de la niña agraviada.  La del Dr. Fosas comprueba que en ella se había cometido recientemente un ultraje, particular también corroborado por Pablo Meléndez, y la de los policías relacionan al acusado con el crimen, pues presentan su propia admisión respecto al hecho que se le imputa.  Según dichos policías, a preguntas de uno de ellos y sin mediar amenazas ni ofertas, el acusado confesó su crimen, el que estaba dispuesto a reparar mediante el matrimonio, y tal confesión es no sólo una corroboración de la declaración de la niña, sino que por sí sola es una suficiente prueba de su delito.

*El Pueblo* v. *Alméstico,* mayo 2, 1912.

*People* v. *Josselyn,* 39 Cal., 400.

Por las razones expuestas, la sentencia debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.