EL PUEBLO, DEMANDANTE Y APELADO, *v.* MIRANDA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por violación.

No. 1921.—Resuelto en mayo 11, 1922.

VIOLACIÓN — ACUSACIÓN SUFICIENTE. — Es suficiente y cumple con los requisitos que exige el inciso 6 del artículo 82 del Código de Enjuiciamiento Criminal una acusación por delito de violación que en lo pertinente dice así: "Que el acusado, Juan Miranda, en Ponce, P. R., que forma parte del distrito judicial del mismo nombre, yació con la niña menor de edad, de catorce años, (dando su nombre) quien allí y entonces no era su esposa."

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. L. Tormes.

Abogado del apelado: Sr. José E. Figueras, Fiscal.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

En el presente caso el apelante fué declarado culpable por un delito de violación y solicita la revocación de la sentencia apelada por el fundamento de que la acusación, la cual ha sido formulada de acuerdo con el texto castellano del estatuto, no determina un delito público de conformidad con la doctrina sentada en el caso de *El Pueblo* v. *Wys,* 25 D. P. R. 510, en el que se resuelve "Si un estatuto que establece un delito no se expresan los hechos que lo constituyen de un modo suficiente para que el acusado tenga conocimiento de la naturaleza precisa del cargo que se formula contra él, será necesario que en la acusación se haga una exposición más detallada de los hechos."

El artículo 255 del Código Penal define el delito de violación en su texto inglés como *"an act of sexual intercourse accomplished with a female not the wife of the perpetrator,"* en ciertos casos que se enumeran. El texto castellano es como sigue: "Se comete violación yaciendo con una mujer que no fuere la propia," etc.

En este caso la acusación imputa los siguientes hechos:

"Que el acusado, Juan Miranda, en Ponce, P. R., que forma parte del distrito judicial del mismo nombre, yació con la niña menor de edad, de catorce años, (dando su nombre) quien allí y entonces no era su esposa."

La teoría de la apelación es que si bien el lenguaje empleado sigue las palabras del estatuto en su texto castellano, no informa, sin embargo, al acusado en cuanto a "la naturaleza y causa de la acusación," de conformidad con las prescripciones del artículo 2 de la Ley Orgánica. También se hace referencia al artículo 82 de la Ley de Enjuiciamiento Criminal que en parte es como sigue: "La acusación es suficiente si de ella se deduce:  *  *  *  6. Que la acción u omisión considerada como delito está expuesta clara y distintamente en lenguaje corriente y conciso, sin repetición y de tal modo que facilite a cualquier persona de inteligencia común, conocer lo que se quiere decir."

No cita el apelante ninguna autoridad para probar la significación corriente y ordinaria del verbo "yacer" en castellano cuando se emplea en la relación indicada y no tendría motivo para quejarse si se confirmara la sentencia sin considerarse los méritos de la cuestión que ha sido levantada en el alegato.

Decir en inglés que el acusado "yació" (*lay with*) con la perjudicada sería quizá anticuado y levantaría alguna duda acerca de la suficiencia de la acusación. Pero entre las definiciones del verbo "yacer," encontramos la siguiente de Salvá: "fam. Tener acto carnal o dormir con una mujer." Escriche al referirse al artículo 453 del Código Español dice: "Se comete violación, según el mismo, yaciendo con la mujer," en cualquiera de los casos que entonces pasa a enumerar.

Parece pues que los traductores del Código Penal siguieron literalmente el lenguaje del Código Español, y que la traducción ya se considere desde un punto de vista histórico y clásico o analice de acuerdo con el uso corriente y diario de las palabras la acusación no es confusa ni puede dejar

de ser entendida por cualquier acusado de inteligencia ordinaria.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Franco Soto.