El Pueblo de Puerto Rico, demandante y apelado, *v.* Santiago Vázquez, acusado y apelante.

No. 3687.—*Sometido:* Noviembre 21, 1929. *Resuelto:* Diciembre 10, 1929.

*R. Muñoz Ramos,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

En causa seguida contra Santiago Vázquez por violación, el jurado del distrito de San Juan trajo un veredicto declarando al acusado culpable del delito de violación. La Corte de Distrito de San Juan condenó al referido acusado a la pena de ocho años de presidio con trabajos forzados. Y contra esa sentencia se ha interpuesto el presente recurso.

El apelante Santiago Vázquez señala varios errores. El primero se refiere a la desestimación de la excepción perentoria de no aducir la acusación hechos suficientes para constituir el delito de violación imputado.

Veamos el texto de la acusación:

"El Fiscal formula acusación contra Santiago Vázquez, por un delito de violación (*felony*) cometido de la manera siguiente:

"El referido acusado Santiago Vázquez, allá en o por el día 23 de agosto de 1926, y en Naranjito, P. R., que forma parte del Distrito Judicial de San Juan, P. R., por medio de la fuerza y contra la voluntad de ella y venciendo la resistencia que ésta opuso, tuvo contacto carnal con una mujer nombrada Josefa Rivera, que allí y entonces no era la esposa del acusado.

"Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad de El Pueblo de Puerto Rico."

El apelante ahora sostiene que en la acusación no se expresa que el hecho se cometió por el acusado "voluntaria, maliciosa y criminalmente". Ni es en realidad necesario usar una fórmula, o un léxico especial, en un caso en que se alega que el acusado por la fuerza y contra la voluntad y resistencia de la ofendida, tuvo con ella actos carnales, y que le ofendida no era la esposa del acusado. Los elementos constitutivos del delito están en esa acusación incluídos. A este fin cítase por El Pueblo el caso *El Pueblo* v. *Miranda*, 30 D.P.R. 489, cuya doctrina es perfectamente clara.

Como segundo error se asigna el de que la corte estimó probada o corroborada la declaración de la ofendida.

No encontramos en el record la copia de las instrucciones transmitidas al jurado; y no podemos saber si el juez dijo algo con respecto a la corroboración de la declaración de la ofendida. Si en algún caso la corroboración es circunstancial, es seguramente en la generalidad de los de violación.

El Pueblo presentó prueba para demostrar que Josefa Rivera con otra mujer y algunos individuos, venía de Naranjito hacia Bayamón, en un automóvil de alquiler, en la noche del 23 de agosto de 1926; que en la carretera encontraron dos automóviles que venían en dirección opuesta, y que uno de ellos se atravesó en el camino cerrando el paso; que en este último automóvil venían varios sujetos, entre ellos el acusado Santiago Vázquez; que estos individuos atacaron a los que venían con Josefa Rivera, y riñeron con ellos, y sacaron del automóvil a la Rivera y su compañera, de una manera violenta, y se las llevaron en su carro; que, (por la declaración de la perjudicada) ellos llevaron a las

dos mujeres a una pieza de caña, y que realizaron actos carnales con las mujeres, contra la voluntad de éstas, forzándolas y amenazándolas; y entre ellos, el Santiago Vázquez forzó a la Josefa Rivera, y contra la voluntad de ésta realizó acto carnal con ella; que las mujeres cuando salieron a la carretera se quejaron a algunos de los testigos, de que aquellos hombres las habían maltratado y violado. Algún testigo dijo que había oído gritos de mujer, que venían del sitio a que dice la Rivera fué conducida por aquellos hombres, y donde afirma que fué violada por el acusado. Se estableció que entre el acusado y la Rivera no existe relación matrimonial.

Claro es que el acto carnal no lo presenció tercera persona; sólo por excepción podría encontrarse algún caso en que se probara la afirmativa. Aquí el jurado tenía que decidir por la prueba circunstancial, como lo hizo. Y en cuanto a la corroboración, el hecho de que la perjudicada, al salir al camino, y al encontrar las primeras personas se quejara a ellas de haber sido violada por el acusado y otros, fué suficiente para el jurado. No se ha establecido que Josefa Rivera tuviera comunicación con otras personas antes de encontrar a aquellas a quienes comunicó su desgracia.

En nuestra decisión en el caso *El Pueblo* v. *Arenas*, 39 D.P.R. 16, hemos citado la rendida en el caso *El Pueblo* v. *Calventy*, 34 D.PR.. 390, y confirmado la teoría en cuanto a la doctrina de *res gestae*. No es necesario reproducir aquí el texto. Baste con decir que hemos declarado que no puede haber un límite de tiempo definido y fijo, y que cada caso debe depender de sus propias circunstancias. Nos atenemos a esas dos decisiones, y a las citas que en ellas se hacen (*Hunter* v. *State*, 40 N.J.L. 536, *Cox* v. *State*, 64 Ga. 374, 410).

Y en cuanto a la extensión de la corroboración, las decisiones citadas por el fiscal de este tribunal (*El Pueblo* v. *Jesús*, 18 D.P.R. 591, y las otras en su alegato) son norma suficiente. No es precisa la corroboración de todos y cada

uno de los detalles, sino la que baste a relacionar al acusado con el delito que se le imputa. Y la de este caso es suficiente a tal propósito.

■ Como un tercer error se asigna el de que la corte permitió que se preguntara al testigo Sierra "quiénes habían dicho las mujeres que las habían acometido y violado" y que él contestara que les dijeron que fueron Herrán, Galán y el acusado.

Si la manifestación de la perjudicada, hecha a Sierra al encontrarle muy poco después de ocurrido el hecho y sin que ella se haya comunicado antes con nadie es parte del *res gestae,* pudo hacerse la pregunta y admitirse la contestación, en la forma que del récord aparece. A este fin se recuerda aquí la decisión en el caso *El Pueblo* v. *Arenas,* 39 D.P.R. 16; y con arreglo a la doctrina jurídica de ese caso, no puede sostenerse el señalamiento de error de que tratamos.

El cuarto señalamiento de error se enuncia así:

"Erró la corte al apreciar suficiente la prueba para condenar al acusado."

Se ha hablado antes de la prueba en este caso. A nuestro juicio ella sería siempre bastante para decidir a cualquier espíritu libre de prejuicio a condenar al acusado. Y lo fué para decidir la conciencia de los señores jurados a declarar al acusado culpable de violación, sin que haya indicios de pasión, parcialidad o prejuicio.

*Por las razones apuntadas debe confirmarse la sentencia apelada.*