EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* GERMÁN MARRERO, conocido por ALEJANDRO GERMÁN VÉLEZ, acusado y apelante.

Núm. 8401.—*Sometido:* Diciembre 2, 1940. *Resuelto:* Diciembre 9, 1940.

*José Sabater,* abogado del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El apelante interpuso este recurso contra la sentencia de la Corte de Distrito de Mayagüez que lo condenó a cumplir tres años de presidio con trabajos forzados por un delito

de violación en grado de tentativa. En su alegato señala dos errores que expone así:

"Primer error: La corte inferior cometió error al declarar sin lugar la excepción perentoria privilegiada, fundada en que la acusación tal como había sido redactada no aducía hechos constitutivos de delito público alguno. (T. de A. pág. 12.)

"Segundo error: La corte inferior cometió error al declarar sin lugar la moción presentada por los abogados del acusado solicitando se dejara sin efecto legal el veredicto rendido por el jurado y se concediera la celebración de un nuevo juicio de acuerdo con lo dispuesto en el Art. 303 del Código de Enjuiciamiento Criminal de Puerto Rico. (T. de A. pág. 13.)"

No se ha elevado a este tribunal una transcripción de evidencia o exposición del caso de la que aparezca la prueba que desfiló ante la corte sentenciadora. Tampoco tenemos las instrucciones al jurado. En tales circunstancias, al estudiar el señalamiento de errores tendremos que atenernos exclusivamente a lo que de los autos resulte.

La acusación cuya suficiencia impugna el apelante literalmente dice así:

"El fiscal formula acusación contra Germán Marrero, conocido por Alejandro Germán Vélez, por un delito de violación en grado de tentativa (*felony*), cometido como sigue:

"El referido acusado, Germán Marrero, conocido por Alejandro Germán Vélez, allá en o por el día 5 de febrero de 1939, y en Las Marías, P. R., que forma parte del Distrito judicial de Mayagüez, P. R., criminal, intencional y maliciosamente intentó yacer y realizar actos carnales con la niña menor de catorce años de edad, nombrada Gloria Alayón Nieves, quien allí y entonces no era su esposa y no podía consentir por razón de su menor edad.

"Este hecho es contrario a la Ley para tal caso prevista y a la paz y dignidad de El Pueblo de Puerto Rico."

Convenimos con el apelante en que no existe en nuestro código un delito bajo la expresa denominación de "violación en grado de tentativa", pero esa sola circunstancia no implica necesariamente que el acto que según la acusación realizó el apelante no haya sido expresamente declarado acto

delictivo. Estando el delito de violación expresamente defi-
nido en nuestro Código Penal en su artículo 255, y prescri-
biendo el mismo Código en su artículo 50 el castigo para la
tentativa de cometer uno de los delitos definidos en dicho
cuerpo legal, claro es que el delito de violación en grado de
tentativa está definido en nuestro Código, y la sentencia que
castiga dicho delito no infringe por consiguiente el artículo
5 del mismo cuerpo legal dispositivo de que "ninguna per-
sona será arrestada por crimen o delito alguno que no estu-
viere expresamente declarado como tal en este Código...."

A este efecto, véase el caso de *People* v. *Hawley* (1930)
106 Cal. App. 216, en el que se trataba de tentativa para
cometer el delito de hurto de mayor cuantía, que en Cali-
fornia, al igual que en Puerto Rico, no está expresamente
definido en el Código Penal.

. En el caso de *People* v. *Lee Kong*, 95 Cal. 666, 669, 17
L.R.A. 626, se establece con toda claridad la diferencia entre
la tentativa de cometer un delito y el ataque para cometerlo,
resolviéndose en dicho caso que el ataque para cometer un
delito envuelve dos elementos esenciales e indispensables:
(1) la tentativa de cometerlo (*attempt to commit the crime*),
y (2) la aptitud (*present ability*) para realizarlo, resolvién-
dose además que un ataque para cometer determinado delito
puede ser perseguido y castigado bajo una acusación en que
se imputa solamente el delito en grado de tentativa.

En el caso de *People* v. *Gleason*, 99 Cal. 359, se trataba
de un delito de incesto en grado de tentativa; en el de *People*
v. *Oates*, 142 Cal. 12, 14, del delito contra natura en grado
de tentativa; y en el de *People* v. *Gardner*, 98 Cal. 127, 128,
precisamente como en el presente caso, del delito de viola-
ción en grado de tentativa, a pesar de que en el Código Penal
de California, al igual que en el nuestro, no se usan las ex-
presas denominaciones de incesto en grado de tentativa,
delito contra natura en grado de tentativa ni violación en
grado de tentativa.

■ Sostiene el apelante que la acusación es también insuficiente porque se imputa al acusado que en determinado sitio y fecha anterior a la acusación, "criminal, intencional y maliciosamente intentó yacer y realizar actos carnales con la niña menor de catorce años...", y no alega que el acusado intentó violar, etc. Para que se impute el delito en cuestión no es necesario que se usen las palabras "violar" o "violación", puesto que el artículo 255 del Código Penal, al definir una de las modalidades del delito, expresamente dispone que se comete al yacer con una mujer que no fuere la propia si ésta fuere menor de catorce años. En el caso de *El Pueblo* v. *Miranda,* 30 D.P.R. 489, la acusación decía así: "...que el acusado, Juan Miranda, en Ponce, P. R., que forma parte del distrito judicial del mismo nombre, yació con la niña menor de edad, de 14 años (dando su nombre), quien allí y entonces no era su esposa." Este tribunal consideró suficiente la acusación, la que, como podrá verse, está redactada en un lenguaje sustancialmente igual al de la que ahora impugna el acusado. Véase también el caso de *Pueblo* v. *Vázquez,* 40 D.P.R. 258.

Al discutir su primer señalamiento de error, el apelante sufre una lamentable equivocación al asumir que el delito a que se refiere la acusación es el de ataque con intención de cometer violación, que se define en el artículo 222 del Código Penal, e inútilmente dirige toda su argumentación a demostrar que la acusación no contiene los elementos necesarios para constituir dicho delito. No siendo ése el imputado en la acusación, no tenemos para qué entrar a considerar las alegaciones que debe contener una acusación por infracción al citado artículo 222.

No nos ha puesto el apelante en condiciones de discutir el segundo de los errores señalados, puesto que como anteriormente hemos dicho, no tenemos ante nos la prueba que desfiló ante la corte sentenciadora.

■ Como el artículo 258 del citado Código prescribe que el delito de violación se castigará con pena de presidio por el

término mínimo de un año, sin expresar el máximo, la pena máxima de dicho delito es la de reclusión perpetua. Por consiguiente, el delito de violación en grado de tentativa se castiga con pena de presidio que *no excederá de la mitad del tiempo que quede de vida al reo.* Como es imposible determinar el tiempo que ha de vivir el acusado y por lo tanto imposible también computar la mitad de ese tiempo, tal parece que la pena fijada en el artículo 50 es incierta y que por lo tanto no podría sentenciarse al acusado y habría que decretar su absolución. Esta cuestión ha sido suscitada y resuelta en contra del acusado en California, cuyos tribunales se confrontaron con la misma situación. Se suscitó por primera vez en 1893, en el caso de *People* v. *Gardner,* supra, en el cual, como hemos visto, se trataba de un delito de ''violación en grado de tentativa.'' Discutiendo la cuestión, dijo este tribunal:

''Se arguye que una sentencia de reclusión perpetua es un término de prisión mayor que cualquier otro término por un número de años, y puesto que el estatuto prescribe que la sentencia que deberá imponerse al acusado será por un término de años que no exceda de la mitad de la pena máxima prescrita para el delito de violación, es evidente que la sentencia deberá dictarse por un número de años que no exceda de la mitad de la vida del acusado, y siendo imposible computar ese término, el estatuto es vago (*meaningless*) y por consiguiente no existe pena para dicho delito. Este razonamiento es ingenioso, pero no correcto. Si el estatuto sólo permitiese sentencia de prisión por un número de años, no menor de cinco, como pena de la violación, entonces la sentencia en este caso estaría ajustada a la la ley, pues impondría un término de prisión que no excedería de la mitad del que la corte tendría la facultad de imponer. Asimismo, si se concede que cualquier término, no importa su magnitud, sería mayor que una sentencia de reclusión perpetua, en ese caso la sentencia que nos ocupa cae estrictamente dentro de la ley. Ahora bien, asumiendo que sea correcta la proposición del apelante al efecto de que una sentencia de reclusión perpetua es mayor que una por un número determinado de años, en ese caso la sentencia que nos ocupa no es menos correcta, pues lo más incluye lo menos, y si la sentencia en este caso es válida, computada sobre la base de cualquier sentencia

que pudiera dictarse por un número de años en un caso de violación, tal sentencia es necesariamente válida computada sobre la base de una sentencia de reclusión perpetua, pues como alega la representación del apelante, tal sentencia es por un término'de prisión mayor que el que pudiera dictarse por un tiempo determinado. En otras palabras, si la sentencia de cinco años no excede de la mitad de la sentencia máxima que pudiera imponerse en caso de que el estatuto no permitiese imponer la de reclusión perpetua, entonces no puede la sentencia (de cinco años) exceder de la mitad de la de reclusión perpetua, puesto que ese último es un término mayor.''

El caso de *Gardner* fué ratificado en el de *People* v. *Burns* (1902) 138 Cal. 159, 60 L.R.A. 270. Véase también *In re Gilbert* (1929) 97 Cal. App. 505.

Aplicando al caso de autos el razonamiento del de *Gardner,* supra, es evidente que la sentencia de tres años de presidio que en este caso se impuso al acusado es válida por hallarse comprendida dentro de los límites establecidos en el inciso primero del artículo 50, en relación con el 258 del Código Penal.

*Procede, por lo expuesto, desestimar el recurso y confirmar la sentencia apelada.*