EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ARTURO VÁZQUEZ SANDOVAL, c/p BERTO, acusado y apelante.

Número 15812.

*Sometido:* 24 de enero de 1955.   *Resuelto:* 31 de enero de 1955.

*Mario Báez García,* abogado del apelante; *Hon. Secretario de Justicia José Trías Monge* y *Ramón Olivo Nieves, Fiscal Especial, Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El apelante fué acusado, juzgado ante un jurado y sentenciado por un delito de violación, consistente en que ... "ilegal, voluntaria, maliciosa y criminalmente, tuvo comercio carnal por medio de la fuerza y la violencia, sin el consentimiento de ella, con María Núñez Rodríguez, quien no era ... su mujer propia y la que opuso resistencia, pero ésta fué vencida por la fuerza y la violencia empleadas por el acusado".

Antes de la fecha señalada para el juicio el acusado solicitó, mediante moción, el archivo y sobreseimiento del proceso, aduciendo como fundamento para ello su inmunidad bajo la Ley núm. 13 de 9 de abril de 1941 ( (1) pág. 347), porque, según alegó, él había comparecido como testigo ante los fiscales, a requerimiento de éstos, y había prestado una declaración jurada en la investigación de los hechos que culminó en su arresto y acusación. La corte declaró sin lugar esa moción, resolviendo que el acusado debía plantear dicha defensa en el juicio y no mediante moción. Al llamarse el caso para juicio, el acusado reprodujo su indicada moción de archivo y sobreseimiento y la corte volvió a declararla sin lugar por considerarla prematura. Comenzó el juicio y después que el fiscal terminó de presentar la prueba de cargo, el acusado volvió a plantear su defensa de inmunidad. El juez, después de oir en ausencia del jurado, la prueba sobre dicha defensa, la declaró sin lugar, continuando luego el juicio, sin que la defensa de de inmunidad ni la prueba sobre la misma, se sometiera a la consideración del jurado.

En sus dos primeros señalamientos el apelante imputa a la corte sentenciadora haber cometido error (1) al declarar sin lugar la defensa de inmunidad y (2) al no someter al jurado la prueba sobre dicha defensa para que éste deter-

minara si el acusado estaba o no protegido por las disposiciones de la Ley núm. 13 de 1941.

No tiene razón. La prueba presentada en el incidente sobre inmunidad consistió en el testimonio del propio acusado, en el del detective Antonio Fraticelli y en el del fiscal Plinio Pérez Marrero. Además se presentó una declaración escrita del acusado. La declaración oral de éste es al efecto de que a él lo llamaron a declarar ante el fiscal como testigo a ver qué sabía él del caso; que el detective Fraticelli lo fué a buscar a su casa y lo citó sin decirle que él era el acusado; que en fiscalía declaró negando haber cometido el delito. Fraticelli declaró que el fiscal le entregó una citación y procedió a citar al acusado llevándolo a fiscalía; que no informó al acusado para qué era la citación sino que fué el acusado quien le dijo que a él le estaban haciendo un "rancho", que lo estaban acusando de una cosa que no había cometido. El fiscal Pérez Marrero declaró que la perjudicada María Núñez y un tío suyo fueron a quejarse a fiscalía de un supuesto delito de violación cometido en la persona de ella y señalaba como presunto autor del mismo al acusado; que ordenó se citase al acusado para investigación a los fines de que ella lo identificara; que al llegar éste a fiscalía se le preguntó si había cometido el delito y contestó que no; que no le tomó declaración al acusado; que éste prestó una declaración ante un taquígrafo que no fué jurada porque él no la tomó.

Dicha declaración escrita no aparece jurada ante el fiscal y en la misma el acusado niega haber cometido los hechos, manifestando que nunca ha tenido contacto carnal con la perjudicada y que el día en que ocurrieron los hechos él se levantó a las seis de la mañana, buscó la leche, hizo café y se fué para la tienda de su padre que queda en la calle José de Diego número 25.

Esta evidencia establece a lo sumo, que el acusado fué citado para investigación, que se le preguntó si él había co-

metido el delito y lo negó y que fué identificado por la perjudicada.

La primera cuestión a resolver es si el apelante está cubierto por la inmunidad concedida por la Ley núm. 13 de 1941 y, como corolario, si su defensa de inmunidad fué impropiamente desestimada. En *Batalla* v. *Tribl. de Distrito*, 74 D.P.R. 289, dijimos a la pág. 316, que el propósito de la Legislatura de Puerto Rico al aprobar la Ley núm. 13 fué: "proporcionar un medio para obligar a un testigo citado en un procedimiento, proceso o en una investigación que se estuviere practicando, a dar testimonio contra un acusado, concediendo a dicho testigo, a cambio de su declaración, inmunidad absoluta si ésta resultare incriminatoria para él" y agregamos, "En cuanto a los *testigos* citados en procedimientos, procesos o investigaciones, el privilegio [contra la autoincriminación] ha sido removido mediante la garantía de inmunidad que establece en su sección 1, que es absoluta y, por tanto, coextensiva con el privilegio de que se les priva."

Al apelante en este caso no se le privó de su privilegio contra la autoincriminación. Lo que él manifestó al fiscal en nada le incriminaba. La declaración escrita presentada en evidencia, aun cuando estuviera jurada, tampoco le incrimina. Su testimonio no revela los elementos del delito ni las fuentes o los medios por los cuales el fiscal pudiera haber obtenido evidencia de su comisión o evidencia que conectara al acusado con el delito. *Batalla* v. *Tribunal de Distrito*, supra; *Counselman* v. *Hilchcock*, 142 U.S. 547. Bajo estas circunstancias el apelante no puede alegar con éxito que él estaba cubierto por la inmunidad concedida por la Ley núm. 13.

La segunda cuestión a resolver es si el juez venía obligado a someter la defensa de inmunidad y la prueba presentada para sostenerla, a la consideración del jurado.

Este Tribunal ha resuelto que un acusado no puede plantear por vía de una alegación especial (*special plea in bar*),

su derecho a la inmunidad; que tal derecho, cuando existe, sólo puede plantearse como defensa, dentro de su alegación negando la acusación. (¹) ⸱ *Batalla* v. *Tribl. de Distrito*, supra. Al negarse la acusación, lo mismo que cuando se alega una convicción o absolución anterior por el mismo delito, se suscita una cuestión de hecho. Art. 177 del Código de Enjuiciamiento Criminal. Sometido el acusado a juicio por jurado, corresponde a éste juzgar las cuestiones de hecho. Art. 178 Código de Enjuiciamiento Criminal. Sin embargo, una alegación de exposición anterior puede envolver una cuestión de hecho que debe someterse al jurado o simplemente una de derecho que puede ser resuelta por la corte. *Pueblo* v. *Pérez*, 47 D.P.R. 765. No podemos aplicar una regla distinta a la defensa de inmunidad. Cuando no existe controversia sobre los hechos, el único problema consiste en determinar el efecto legal de los hechos no controvertidos. Esa es una cuestión de derecho que cae dentro de la exclusiva competencia de la corte. Véase *Pueblo* v. *Rivera*, 67 D.P.R. 280.

En este caso no hubo controversia sobre los hechos en que el apelante funda su derecho a la inmunidad. Correspondía a la corte resolver la cuestión como una de derecho, y al así hacerlo no cometió error. Dicha defensa, bajo las circunstancias del caso no había que someterla a la consideración del jurado.

⸱ ▮ Por los errores tercero y cuarto el apelante impugna la admisión del testimonio de Bernabé Núñez como prueba de corroboración. Este testigo declaró sobre la queja que a él le hizo la perjudicada dos días después de los hechos. El tribunal sentenciador admitió su declaración bajo la teoría de que las manifestaciones de la perjudicada [queja] al testigo

---

(¹) El art. 162 del Código de Enjuiciamiento Criminal de Puerto Rico, dispone que hay cuatro clases de alegaciones contra una acusación, a saber:

1—Confesión.

2—Negación.

3—Sentencia anterior condenatoria o absolutoria, por el mismo delito que podrá alegarse con o sin la negación.

4—Haber estado una vez expuesto por el mismo delito.

formaban parte del *res gestae*. No cometió error alguno. La perjudicada era una niña de 14 años y 3 meses de edad. Vivía con su padre y su madrastra. En la mañana del 20 de julio de 1953, la niña, según su testimonio, se encontraba sola en su hogar. El acusado, quien vivía al lado de su casa, entró por una ventana, le tapó la boca, le enseñó un cuchillo, la amenazó con matarla, la arrastró hasta el cuarto dormitorio y después de acostarla en la cama abusó de ella. La prueba establece que si bien ese día y al día siguiente, la perjudicada habló con su padre y con unas vecinas amigas suyas, sin revelarles lo que le había ocurrido, su silencio obedeció más bien al temor que sentía debido a que el acusado le había amenazado con matarla si decía algo y de matar a cualquier familiar suyo que interviniera en el asunto. Otras circunstancias que surgen del récord, son indicadoras de que las manifestaciones hechas por la ofendida a su tío, dos días después de los hechos, fueron espontáneas y hechas en la primera oportunidad que tuvo para quejarse libre de coacción, siendo, por tanto, competentes para corroborar su testimonio. *Pueblo* v. *Fuentes*, 63 D.P.R. 44; *Pueblo* v. *Muñoz*, 68 D.P.R. 171; *Pueblo* v. *Lugo*, 70 D.P.R. 145; *Pueblo* v. *López*, 76 D.P.R. 378.

■■ El quinto señalamiento de error carece de mérito. El juez preguntó a la ofendida si antes de los hechos ella había tenido relaciones sexuales con algún otro hombre, contestando la interrogada en la negativa. Se opuso el acusado y solicitó que se retirara el jurado. El juez así lo ordenó pero inmediatamente la defensa retiró su solicitud e invitó al juez a que preguntara. Éste repitió su pregunta y la ofendida volvió a contestar que no. No vemos cómo el apelante pueda válidamente quejarse ahora de una pregunta, a la que, de hecho, no objetó ni excepcionó. Por otro lado, en el supuesto de que la pregunta fuera impropia, el error no es perjudicial. El acusado negó los hechos, siendo su teoría de defensa la coartada. Convenimos con el fiscal de este Tribunal en que prueba de

la reputación de una mujer con anterioridad a los hechos que dan lugar a una acusación por violación son admisibles únicamente para atacar la falta de consentimiento de la perjudicada. *Pueblo* v. *Español*, 16 D.P.R. 213; *Pueblo* v. *Flores*, 45 D.P.R. 435; pero cuando un acusado niega los hechos, como ocurrió en este caso, ya no existe cuestión alguna de consentimiento y dicha prueba deja de ser pertinente. *Sanders* v. *Commonwealth*, 269 S.W.2d 208; 1 Wigmore *on Evidence*, 3ª ed. sec. 200; 140 A.L.R. 364.

■ El apelante discute conjuntamente los errores sexto y séptimo. En ellos alega que el tribunal a quo cometió error (1) al trasmitir sus instrucciones al jurado, y (2) al fraccionar sus instrucciones, dándole instrucciones generales al jurado luego de éste estar deliberando.

Arguye el apelante que la instrucción trasmitida por el juez "en el sentido de que cualquier extremo de la declaración de un testigo que esté corroborado, es suficiente corroboración, es errónea y más errónea aún, si ratifica dicha instrucción afirmando expresamente que basta con la corroboración de un extremo para que sea suficiente ...". Sin aceptar que dicha instrucción sea correcta, existen dos motivos para desestimar el error apuntado. El primero de ellos es que el apelante no hizo gestión alguna para que dicha instrucción fuera corregida a pesar de que el juez preguntó a las partes si deseaban alguna instrucción adicional o si interesaban alguna aclaración en relación con las instrucciones. El acusado no debe permanecer callado, como lo hizo el apelante en este caso, cuando ocurre alguna anormalidad en el juicio que él considera perjudicial a sus derechos, y esperar hasta la terminación del juicio para luego, en apelación, si el veredicto le es adverso, señalar esa anormalidad como un error. *Pueblo* v. *Márquez*, 67 D.P.R. 326; *Pueblo* v. *Emmanuelli*, 67 D.P.R. 667; *Pueblo* v. *Cortés*, 69 D.P.R. 344, 349; *Pueblo* v. *Arroyo*, 67 D.P.R. 36; *Pueblo* v. *Vázquez*, 75 D.P.R. 25, 30, 31.

■ El segundo motivo es que hubo suficiente prueba de corroboración. *Pueblo* v. *Flores*, 45 D.P.R. 435. El testi-

monio de Bernabé Núñez en el sentido de que la ofendida le manifestó que el "acusado le había hecho el daño dentro de su casa", y que "con un cuchillo en la mano la obligó en la cama a tener contacto sexual" conecta al acusado con la comisión del delito. Véase *Pueblo* v. *Maldonado*, 17 D.P.R. 23; *Pueblo* v. *de Jesús*, 18 D.P.R. 591; *Pueblo* v. *Vázquez*, 40 D.P.R. 258; *Pueblo* v. *Feliciano*, 53 D.P.R. 423; *Pueblo* v. *Márquez*, 64 D.P.R. 371; *Pueblo* v. *Muñoz*, 68 D.P.R. 171.

El incidente respecto al alegado fraccionamiento de las instrucciones es como sigue: Después de retirarse a deliberar, el jurado informó su interés en venir a sala con el objeto de aclarar cierta duda. Una vez instruído en cuanto a la referida duda, el juez dijo: "Sin embargo, a pesar de las preguntas que les hice a todas las partes si querían alguna instrucción adicional ninguna de las partes dijo que se había olvidado una instrucción que no dí y debo darla ahora." Acto seguido procedió a trasmitir la instrucción sobre coartada, que según hemos visto, era la teoría de defensa del acusado.

No es impropio llamar de nuevo al jurado para darle instrucciones que se olvidaron. *People* v. *Ponchette*, 30 Cal. App. 399. Cuando el jurado no ha sido debidamente instruído el tribunal tiene poderes inherentes para llamarlo y darle instrucciones. *People* v. *Hewitt*, 11 Cal. App.2d 197; *Harrison* v. *State*, 138 S.W.2d 785; *Hyde* v. *State*, 26 S.E.2d 744; *Barnes* v. *State*, 29 S.E.2d 919; *State* v. *Moore*, 76 P.2d 19; *Coupe* v. *United States*, 113 F.2d 145. Con mayor razón debe ser así, cuando la corte pregunta a las partes si desean que se trasmitan instrucciones adicionales, o que se corrijan las trasmitidas y éstas guardan silencio y sobre todo, cuando las instrucciones adicionales lejos de perjudicar al acusado le beneficiarían ya que se trataba de instrucciones sobre la teoría de defensa. No se cometieron los errores apuntados.

Tampoco se cometió error al apreciar la prueba en conjunto y al declarar al apelante culpable del delito de violación, según alega en el octavo y último señalamiento de error.

La ausencia de manchas de sangre en la cama, no es concluyente en cuanto a que la ofendida no sangrara, si se considera que a ella no se le preguntó si había sangrado o no, o si sus ropas interiores y la bata tenían manchas de sangre. Tampoco es factor decisivo respecto a la culpabilidad o inocencia del acusado, el que de la prueba no surja claramente, cómo y cuando fué que el padre de la ofendida se enteró de los hechos.

*No habiéndose cometido ninguno de los errores señalados, se confirmará la sentencia apelada.*