EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMÓN ORTIZ ORTIZ, acusado y apelante.

Número 15996.

*Sometido:* 1 de noviembre de 1955. *Resuelto:* 12 de diciembre de 1955.

844

*José Rafael Gelpí,* abogado del apelante; *Hon. Secretario de Justicia Interino J. B. Fernández Badillo* y *Rafael L. Ydrach Yordán, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El apelante fué acusado de violar la Ley núm. 228 de 12 de mayo de 1942 ((1) pág. 1269), según enmendada, en relación con la Orden Administrativa núm. 228 de 16 de marzo de 1953. La acusación contiene tres cargos. En el

primero se le imputa que en 9 de junio de 1953, y en Mayagüez, P. R., "vendió como dueño u ocasionó que se vendiera a Aniceto Santiago, quien es un consumidor de arroz, una libra de arroz de superior calidad ...... en quince centavos (15¢) dicha libra, que era un precio mayor al de catorce céntavos (14¢) libra para dicho arroz que era el precio autorizado por dicha Orden Administrativa". El segundo cargo se refiere a otra venta de dos libras de arroz de igual calidad hecha en la misma fecha a otro consumidor en treinta centavos (30¢) y el tercer cargo contiene igual imputación respecto a otra venta de arroz efectuada el 6 de junio de 1953.

Celebrado el juicio, el acusado fué exonerado del tercer cargo y condenado por los primeros dos. En apelación sostiene que la corte sentenciadora cometió los siguientes errores:

"Primer Error: La corte inferior cometió error al declarar culpable al acusado a virtud de la Orden Administrativa número 228 de 16 de marzo de 1953 ya que dicha orden es anticonstitucional.

"Segundo Error: La corte inferior cometió error al resolver que el acusado no tenía inmunidad a tenor con la Ley 13 de 1941.

"Tercer Error: La corte inferior cometió error al declarar culpable al acusado con una prueba insuficiente."

■■ En el primer señalamiento el apelante se limita a decir que la Orden Administrativa núm. 228 fué declarada inconstitucional en el caso de *Mora* v. *Mejías*, 223 F.2d 814 y que, por tanto, la corte a quo incurrió en error al declararle culpable de infringir dicha Orden. No tiene razón. En el citado caso de *Mora* se resolvió que:

"Llegamos a la conclusión, por lo tanto, de que la orden administrativa núm. 228 es inválida en tanto en cuanto es aplicable a la venta por los importadores de arroz que ellos habían importado a los precios altos prevalecientes después del 25 de febrero y hasta algún momento de junio o julio de 1953. Sin embargo, la orden era válida en tanto en cuanto se aplicaba a las ventas de arroz que los importadores habían comprado a los precios más bajos prevalecientes en y antes del 25 de

febrero y que todavía tenían en existencia el 16 de marzo de 1953 y en cuanto se aplicaba a ventas de arroz que los importadores compraron a los precios más bajos que prevalecieron en junio o julio de 1953 y después. La causa debe, por lo tanto, ser devuelta para que se provea a los apelantes del remedio apropiado contra la orden en lo que de inválida tiene."

En el récord ante nos no hay prueba de que el apelante sea uno de los importadores de arroz cubiertos por la declaración de nulidad de la Orden Administrativa núm. 228. Por el contrario el récord revela que él compraba arroz en plaza para revenderlo en su establecimiento comercial. Ni siquiera se ha sugerido, por vía de una posible defensa, que el apelante hubiera comprado el arroz que luego revendió a sobreprecio, a uno de los importadores que importó arroz a los precios altos prevalecientes después de febrero 25 y hasta junio o julio de 1953. Por tanto, la decisión en el caso de *Mora* no le beneficia aun en el supuesto de que el planteamiento de tal defensa por el apelante, no fuera contrario a la doctrina expuesta en *Ruiz* v. *Corte*, 71 D.P.R. 384 y *Yakus* v. *United States*, 321 U.S. 414.

En el segundo señalamiento el apelante sostiene que él estaba cubierto por la Ley núm. 13 de 9 de abril de 1941 ((1) pág. 347), y en consecuencia, que su defensa de inmunidad fué impropiamente desestimada.

La prueba demuestra que mientras Sadoth Morales era investigado por una supuesta infracción a la Orden Administrativa núm. 228, el acusado-apelante Ramón Ortiz Ortiz "fué traído por un detective a Fiscalía cuando el detective vino a someter un caso . . . . y estando Ramón Ortiz Ortiz en Fiscalía prestó declaración jurada . . . . ante el Hon. Ricardo Calderón, . . . ." Lo declarado entonces por el apelante fué, en esencia, que el día primero de junio de 1953, él compró a crédito, a J. Morales Díaz (Sadoth Morales) dos sacos de arroz largo y otros artículos y que al prepararle la factura Morales le pidió y el testigo le pagó $1.20 por encima del precio del arroz; que el día 8 del mismo mes volvió a com-

prar a crédito a Sadoth Morales tres sacos de arroz largo y otros artículos y que en la factura que le entregaron no aparece el precio máximo para el consumidor de cada artículo.

En *Batalla* v. *Tribl. de Distrito*, 74 D.P.R. 289, dijimos que el propósito de la Legislatura al aprobar la Ley núm. 13 fué:

"Proporcionar un medio para obligar a un testigo citado en un procedimiento, proceso o en una investigación que se estuviere practicando, a dar testimonio contra un acusado, concediendo a dicho testigo, a cambio de su declaración, inmunidad absoluta si ésta resultare incriminatoria para él" y se agregó, "En cuanto a los testigos citados en procedimientos, procesos o investigaciones, el privilegio [contra la autoincriminación] ha sido removido mediante la garantía de inmunidad que establece en su sección 1, que es absoluta y, por tanto, coextensiva con el privilegio de que se les priva."

En este caso, sin embargo, al apelante no se le privó de su privilegio contra la autoincriminación. La declaración prestada por él ante el fiscal señor Calderón no le incrimina. Su testimonio no revela los elementos del delito imputádole ni la fuente o los medios por los cuales el fiscal pudiera haber obtenido evidencia de su comisión o evidencia que conectara al acusado con el delito. *Batalla* v. *Tribl. de Distrito*, supra. Por lo tanto, el acusado no estaba cubierto por la Ley núm. 13. *Pueblo* v.*Vázquez*, 77 D.P.R. 933.

Por otra razón, en el supuesto de que la declaración le incriminara, no procedía la defensa de inmunidad. El apelante compareció ante el fiscal a invitación de un detective y prestó voluntariamente ante aquel funcionario la aludida declaración contra Sadoth Morales pero no lo hizo obedeciendo a una citación formal. Él no puede alegar que lo hizo bajo compulsión. Ley núm. 13 de 9 de abril de 1941. Convenimos con el fiscal de esta Corte en que bajo los términos de la sec. 1ra. de esta Ley(¹) para que un testigo venga obligado

---

(¹) Dicha sección dispone:

"Sección 1.—Ninguna persona será procesada, castigada o confiscados sus bienes por testificar o producir evidencia de cualquier clase en un pro-

a declarar, es indispensable que medie una citación formal y válida—*subpoena*—en armonía con los arts. 407 y siguientes del Código de Enjuiciamiento Criminal de Puerto Rico que regulan la comparecencia obligatoria de testigos a una investigación fiscal. De no mediar tal citación, cualquier comparecencia de un testigo a declarar—como ocurrió en este caso— resultaría voluntaria ante la Ley, pudiendo utilizarse lo declarado en cualquier proceso contra el declarante. *People v. Eiseman et al.*, 78 Cal. App. 223, 248 Pac. 716; *People* v. *White*, 124 Cal. App. 548; *Bowles* v. *Chu Mang Poo*, 58 F. Supp. 841; *Sherwin* v. *United States*, 268 U.S. 369; *People* v. *White*, 12 P.2d 1078; 145 A.L.R. 1416.

■ Por el tercer señalamiento el apelante sostiene que la prueba de cargo es insuficiente "toda vez que no se ha probado que él efectuara venta alguna". Tampoco tiene razón. Las ventas se efectuaron en su establecimiento por uno de sus empleados. El hecho de que el apelante no efectuara personalmente dichas ventas, no le exime de responsabilidad. *Pueblo* v. *Vidal*, 78 D.P.R. 76; *United States* v. *Parfait Power Puff Co.*, 163 F.2d 1008.

*La sentencia apelada será confirmada.*

El Juez Asociado Sr. Negrón Fernández disintió.

---

cedimiento, proceso o investigación criminal, y tal inmunidad cubrirá al declarante no sólo en lo declarado por él acerca del delito que se investigue, sino en relación con cualquier responsabilidad en que pudiera haber incurrido con respecto a otros delitos; y toda persona estará obligada a comparecer o declarar ante un fiscal, juez municipal o de paz, *cuando éstos la citaren como testigo* en una investigación que estuvieren practicando dichos funcionarios; Disponiéndose, que la negativa a comparecer o declarar constituirá desacato, que será castigado por la corte de distrito del distrito judicial donde hubiese tenido lugar la citación, o donde el testigo se niegue a declarar, mediante querella presentada ante dicha corte por el funcionario encargado de la investigación, en un procedimiento sumario en el que el querellado tendrá dos días para contestar dicha querella, formulando las alegaciones que estimare pertinentes, debiendo ventilarse la vista dentro de los cinco (5) días siguientes a la contestación del querellado." (Bastardillas nuestras.)