EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANDRÉS ARROYO AGOSTO, acusado y apelante.

*Número:* CR-65-419          *Resuelto:* 4 de abril de 1966

*Elizabeth A. de Watlington*, abogada del apelante; *J. B. Fernández Badillo, Procurador General,* y *Manuel Tirado Viera, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El Fiscal formuló acusación contra el apelante por un delito de Ataque para Cometer Violación, cometido de la manera siguiente:

"El referido acusado Andrés Arroyo, allá por el día 15 de marzo de 1964, y en la municipalidad de Las Piedras . . . , ilegal, voluntaria, maliciosa y criminalmente atacó, con la intención de cometer violación, la mujer no su esposa Dolores Rivera Marcano; la que opuso resistencia, y la que intentó ser vencida por fuerza, violencia y amenazas."

Un jurado le declaró culpable de dicho delito y fue sentenciado a la pena de uno a cuatro años de presidio.

En apelación señala la comisión del siguiente:

"Unico Error: Erró el Tribunal de Instancia al no entender que era necesaria la corroboración de la declaración de la perjudicada en este caso."

La prueba de cargo consistió únicamente en el testimonio de la perjudicada y en el del detective Félix B. Donato.

La perjudicada, señora Dolores Rivera Marcano, casada y de 63 años de edad, declaró que a eso de las 10:30 de la noche del 15 de marzo de 1964, salía de la iglesia en el barrio Collores de Las Piedras; que en el camino hacia su hogar sintió los pasos de una persona que le seguía, miró y al reconocer al acusado le saludó; éste le preguntó que le pasaba y ella contestó que iba hacia su hogar y siguió su camino; el acusado la agarró por el cuello y la tumbó al suelo y ante los gritos de ella el acusado la arrastró hacia unas cañas de bambú; luego el acusado le exigió que accediera a llevar a cabo determinados actos sexuales, a lo que ella no accedió, suplicándole que no hiciera eso con ella y aconsejándole que no se condujera en esa forma; que el acusado hizo caso omiso de sus súplicas y por el contrario procedió a forzarla, bajo amenaza de muerte, para consumar sus deseos cuando fue impedido por un hijo de la víctima que retiró del lugar al acusado.

Debido a los gritos de la señora Rivera Marcano se reunieron en el lugar varias personas, entre ellas el detective Félix B. Donato quien declaró que el día de los hechos cuando disponía a acostarse sintió unos gritos, se vistió y se dirigió al sitio de donde venían y vio allí a un grupo de personas; se dirigió a la perjudicada y ésta le dijo "mi hijo, por poco me violan y me matan"; que la señora le contó lo sucedido, estaba nerviosa y no podía hablar con claridad y aparecía golpeada, sangrando por la boca, tenía el traje roto, no tenía zapatos ni lentes; él le pidió que describiera a su atacante y ella le dijo que era un hombre de color, tosco y fuerte; que no le mencionó el nombre de su atacante; que después él llamó a la policía.

La teoría de defensa fue la coartada pero es innecesario que hagamos un resumen de la presentada en su apoyo.

El Juez trasmitió al jurado la siguiente instrucción:

"En los casos de ataque para cometer violación, como el que ahora considera el Jurado, la ley no requiere que el testimonio de la mujer agraviada sea corroborado por otras pruebas, como en los casos de violación propiamente dicho, o seducción. Sin embargo la naturaleza de estos casos aconseja que haya algún elemento de prueba que de algún modo, aparte de la declaración de la perjudicada, relacione al acusado con la comisión del delito imputádole."

Debemos determinar si esta instrucción es correcta pues en caso afirmativo, la prueba de cargo sería suficiente para sostener el veredicto condenatorio.

La corroboración del testimonio de la mujer agraviada en determinados delitos estaba regulada por el Art. 250 del Código de Enjuiciamiento Criminal [34 L.P.R.A. sec. 729]. Disponía dicho artículo:

"En juicio por el delito de promover o intentar la promoción de un aborto, o por contribuir o ayudar en su perpetración, por seducir con engaño, corromper por medio de halago o apoderarse de una mujer soltera, menor de veinticinco años, hasta entonces reputada por casta, con objeto de prostituirla, o contribuir y ayudar a ese fin, o en juicio por el delito de seducción bajo promesa de matrimonio, o por violación, el acusado no podrá ser declarado convicto por la declaración de la mujer agraviada, a menos que su declaración se corrobore con otras pruebas."

Al aprobarse las Reglas de Procedimiento Criminal se derogó el citado Art. 250 y sus disposiciones, aunque incorporadas a las nuevas Reglas, sufrieron dos enmiendas fundamentales. Una consistió en incluir el delito de tentativa de violación y la otra en hacer más exigente la prueba necesaria para la corroboración de la mujer agraviada. Dispone la Regla 154 de Procedimiento Criminal:

"En un proceso por el delito de promover o intentar la promoción de un aborto o por contribuir o ayudar en su perpetración,

por seducir con engaño o corromper por medio del halago o por inducir o engañar a una mujer soltera, menor de veintiún años, hasta entonces reputada por casta, a entrar en alguna casa de lenocinio o en cualquier otra parte con el objeto de prostituirla o contribuir y ayudar a ese fin o de que tenga contacto carnal ilícito con cualquier hombre, *o en un proceso por el delito de seducción bajo promesa de matrimonio o por el delito de violación o tentativa de cometerlo,* no podrá declararse convicto al acusado por la sola declaración de la mujer agraviada, a menos que tal declaración se corrobore con alguna otra prueba que por sí misma, y sin tomar en consideración la declaración de la mujer agraviada, tienda a establecer la relación del acusado con la comisión del delito. Esta corroboración no será suficiente si sólo probare la perpetración del delito o las circunstancias del mismo." (Subrayado nuestro.)

El Procurador General sostiene, sin embargo, que la Regla 154 no se hace extensiva al delito de *ataque para cometer violación* porque en ella sólo se incluye el delito de tentativa de violación y que como ambos delitos son distintos, en un proceso por el delito de ataque para cometer violación, como el que nos ocupa en esta apelación, no es necesario que se corrobore la declaración de la mujer agraviada, aunque en este caso el fiscal presentó alguna prueba de corroboración.

El Art. 222 del Código Penal, 33 L.P.R.A. sec. 761, castiga el delito de ataque para cometer violación. Dispone dicho artículo:

"Toda persona que atacare a otra con intención de cometer rapto (violación), sodomía, mutilación o robo, incurrirá en pena de reclusión penitenciaria por un término mínimo de un año y máximo de catorce años."

El delito de tentativa de violación lo castiga el Art. 50 del mismo Código. (33 L.P.R.A. sec. 96.) Reza así:

"A todo el que intentare cometer un delito, sin lograr realizarlo, o fuere impedido o interceptado en la perpetración del mismo, y la ley no hubiere señalado la pena correspondiente a tal tentativa, se le castigará en la forma expresada a continuación:

1. . . .
2. . . .
3. . . .
4. . . .

Los delitos frustrados comprendidos en las secs. 731, 732, 761, y 763 de este título no están comprendidos en esta sección."

De suerte que a virtud de la última disposición del Art. 50, el delito de ataque para cometer violación comprendido en la Sec. 761, está excluido del mismo.

La diferencia entre uno y otro delito ha sido ya establecida por nuestras decisiones. Los elementos esenciales del delito de ataque con intención de cometer violación son el acometimiento, la agresión y la intención de violar la ofendida. *Pueblo* v. *Sierra*, 16 D.P.R. 176 (1910). En el delito de tentativa para cometer violación, no media el acometimiento y· la agresión como por ejemplo cuando un hombre intenta yacer con una mujer menor de catorce años o con una demente incapacitada para consentir. *Pueblo* v. *Marrero*, 57 D.P.R. 713 (1940).

A pesar de la diferencia señalada, lo cierto es que en última instancia ambos son delitos de violación frustrados. Así lo reconoce el propio Art. 50 del Código Penal, según ya hemos visto. En ambos delitos el acusado intenta o hay una tentativa de su parte para cometer una violación aunque en uno de ellos realice la tentativa acometiendo y agrediendo a la mujer agraviada y en el otro no. En ambos delitos se intenta cometer una violación que no llega a consumarse.

Al incorporarse el Art. 250 del Código de Enjuiciamiento Criminal a la Regla 154 de Procedimiento Criminal con las enmiendas fundamentales que ya hemos señalado, y al disponer que ". . . en un proceso por el delito de seducción bajo promesa de matrimonio o por *delito de violación* o *tentativa* de cometerlo, no podrá declararse convicto al acusado por la sola declaración de la mujer agraviada, . . ." no se excluyó el delito de ataque para cometer violación, el que

como habíamos dicho ya, es una violación frustrada perpetrada sin embargo mediante ataque a la mujer agraviada. Resolvemos por lo expuesto, que tanto en el delito de tentativa de violación incluido en el Art. 50 como en el de ataque para cometer violación, la declaración de la mujer agraviada debe ser corroborada en la medida exigida por la Regla 154 de Procedimiento Criminal. En su consecuencia fue error instruir al jurado que en el delito de ataque para cometer violación la declaración de la mujer agraviada no necesita ser corroborada.

Esto no dispone del caso. La Regla 154, distinto al derogado Art. 250 del Código de Enjuiciamiento Criminal exige algo más que la declaración de la perjudicada se corrobore con otras pruebas. De acuerdo con la referida Regla 154 no puede declararse convicto el acusado por la sola declaración de la mujer agraviada, a menos que tal declaración se corrobore con alguna otra prueba *que por sí misma y sin tomar en consideración la declaración de la mujer agraviada*, tienda a establecer la relación del acusado con la comisión del delito, siendo insuficiente la prueba de corroboración si sólo probare la perpetración del delito o las circunstancias del mismo.

En este caso la prueba de corroboración presentada por el Fiscal, que consistió en el testimonio ya reseñado del detective Félix B. Donato, es insuficiente para corroborar la declaración de la mujer agraviada. Tal testimonio, por sí mismo y sin tomar en consideración la declaración de la mujer agraviada, que es la única otra prueba de cargo, no establece la relación del acusado con la comisión del delito imputádole. El detective declaró que llegó al sitio de los hechos y la señora Dolores Rivera Marcano le manifestó que por poco "me violan y me matan". No le dijo quien fue el autor del ataque y aunque describió a una persona, nada hay en el récord que demuestre que esa descripción corresponde al acusado apelante. A lo sumo su testimonio tendió a probar la

comisión del delito o las circunstancias del mismo, pero esto no es prueba suficiente de corroboración bajo la Regla 154.

*Siendo insuficiente la prueba de cargo para sostener el veredicto condenatorio, se revocará la sentencia apelada y se dictará otra absolviendo al acusado-apelante.*