EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LIBRADO PÉREZ MORALES, acusado y apelante.

*Número:* CR-66-18      *Resuelto:* 2 de junio de 1967

610

*E. Alemañy Fernández,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Elpidio Arcaya, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue convicto por un jurado del delito de violación técnica cometido en la persona de una niña de siete años no cumplidos.

La prueba demostró que el apelante llevó a la perjudicada en su automóvil a un negocio suyo y allí dentro del establecimiento la violó. Luego, en el mismo automóvil, la trajo hasta cerca de la casa de la niña. En el viaje de regreso le dijo a la niña que cuando le preguntaran qué le había ocurrido que ella dijese que se había caído.

Al notar, la madre de la niña, que ésta estaba sangrando la llevó al hospital y el doctor hizo el diagnóstico correspondiente. Tan grave fue el desgarre que sufrió la niña que se le

desgarró el periné y fue necesario hacerle una operación enseguida bajo anestesia general para coserle dichos desgarres y para detenerle la hemorragia. (T.E. págs. 7–9.) Como resultado de lo descubierto por el médico—que esos daños físicos no pudieron ser causados por una caída sino por una penetración—el asunto fue referido a la policía. [1]

La niña, de primera intención, dijo a su madre que se había caído pero luego dijo a la policía mujer Socorro Olmeda y al policía varón Santiago Silva Feliú que haba sido un hombre quién la haba perjudicado y les relató lo sucedido.

Entre los hechos y las manifestaciones de la niña a la policía transcurrieron dos días. En el ínterin la niña fue operada de emergencia.

El único error señalado por el apelante consiste en que el tribunal sentenciador erró "al admitir como prueba de corroboración las declaraciones de los policías Santiago Silva y Socorro Olmeda sin haberse establecido las bases correspondientes para que sus declaraciones fuesen admitidas en evidencia." Argumenta el apelante que cree "fantástico" la conducta de la menor pues los hechos ocurrieron "el día 13 de abril de 1964 en horas de la tarde, transcurriendo todo el resto de la noche de ese día, todo el día siguiente y parte del otro, sin que a su madre informase hecho alguno relacionado con el acusado."

Estima el apelante que nada justifica que la declaración de la niña tuviese lugar dos días después de los hechos y que es bien sabido que son admisibles en evidencia las manifestaciones espontáneas que en la primera oportunidad hacen las personas perjudicadas en estos casos. Señala, sin embargo,

[1] Al preguntársele al médico en el acto del juicio si había habido una penetración en los órganos genitales de la niña, éste contestó: "Sí, había más que eso, porque para haber desgarro [sic] tenía que haber algo que penetrara para romper la base, la división entre la vulva y el ano que se llama periné." (T.E. pág. 7.)

que en este caso la menor no informó lo sucedido hasta después de dos días.

■ Es bien sabido que aunque el tiempo transcurrido entre los hechos y las manifestaciones de la persona perjudicada es un elemento de los que son considerados en estos casos para admitir esas manifestaciones como parte del *res gestae*, sin embargo, también es cierto que ese factor tiempo no es por sí solo determinante de si unas manifestaciones de esa naturaleza son admisibles o no. La extensión del tiempo que ha de determinar si las manifestaciones son admisibles o no dependerá de las circunstancias de cada caso. *Pueblo* v. *Aponte*, 77 D.P.R. 917, 920 (1955) ; *Pueblo* v. *Muñoz*, 68 D.P.R. 171, 175 (1948) ; *Pueblo* v. *Fuentes*, 63 D.P.R. 44 (1944) ; *Pueblo* v. *Vázquez*, 40 D.P.R. 258, 260 (1929) ; *Pueblo* v. *Arenas*, 39 D.P.R. 16, 23 (1929). Así por ejemplo, hemos admitido manifestaciones dichas dos días después del delito, *Pueblo* v. *Vázquez*, supra; a las 26 horas del hecho, *Pueblo* v. *Aponte*, supra; a los cuatro días, *Pueblo* v. *Arenas*, supra; a los cinco días, *Pueblo* v. *Fuentes*, supra; un mes después, *Pueblo* v. *Ramos Vélez*, Per Curiam, resuelto en 10 de marzo de 1964; ocho meses después, *Pueblo* v. *López*, 76 D.P.R. 378 (1954) ; más de nueve meses después, *Pueblo* v. *Muñoz*, supra.

■ Es fácil entender las emociones contradictorias y dolorosas que una niña de tan tierna edad experimentase durante las 48 horas que transcurrieron inmediatamente después de los hechos y si a eso se le añade el trauma de una operación con anestesia general se puede entender por qué la perjudicada, presa de la confusión, del bochorno y del temor pudo franquearse antes del tiempo en que lo hizo. La corta edad de la menor nos hace concluir que sus manifestaciones fueron espontáneas y no producto de ningún deseo de urdir una mentira. En este mismo sentido véase, *Soto* v. *Territory*, 94 Pac. 1104, 1105 (1908). El requisito de la corroboración

en los casos de violación técnica "obedece al fin de proteger al acusado de imputaciones infundadas y que pueden ser hijas de la reacción femenina ante el desamor e inconstancia del hombre. ([2])

■ Las circunstancias de estos hechos según las revela la transcripción de evidencia hacen claro que no puede imputarse a la menor motivaciones fundadas en el desamor o inconstancia del apelante. Claramente, no se trata de una mujer mayor que espere constancia en el amor de parte del varón. Son dignas de recordar las palabras del Juez Don Jacinto Texidor en el sentido de que "Con lamentable frecuencia aparece en toda clase de juicios, la tendencia a convertir la ley de evidencia en una serie de reglas impregnadas de un tan extremado tecnicismo, que, más que a la obtención de la verdad, conducen a su obscurecimiento. Ni ése es el propósito de la ley, ni su aplicación puede dejar de ser humana y lógica, ya que para humanos se escribió, y ya que la lógica es la más sana norma para llegar a la verdad en un proceso." *Pueblo* v. *Arenas*, supra, a la página 18.

Las manifestaciones de la menor eran admisibles. No se cometió el error señalado. *Se confirmará la sentencia apelada.*

El Juez Asociado Señor Hernández Matos disintió.

---

([2]) *Pueblo* v. *Oquendo,* 83 D.P.R. 234, 238 (1961).