EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* EPIFANIO ECHEVARRÍA RIVERA, acusado y apelante.

*Número:* CR-66-379      *Resuelto:* 6 de junio de 1968

*Gilberto Concepción de Gracia, Práxedes Álvarez Leandri* y *William Morales Torres,* abogados del apelante; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Peter Ortiz, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante, Epifanio Echevarría Rivera, fue acusado de robo, violación y del delito contra natura. Fue exonerado del delito de robo y convicto de los otros dos por tribunal de derecho. Fue condenado a cumplir la pena de cuatro a ocho años de presidio, en cada caso.

Apunta en apelación que el tribunal de instancia incidió (1) al darle crédito al testimonio de la supuesta perjudicada cuando surge del mismo su propia falsedad e inverosimilitud; (2) al aceptar la suficiencia de la declaración de un policía como prueba de corroboración; (3) al concluir que la declaración de la supuesta perjudicada establece un caso de vio-

lación ya que de su relación se desprende que las relaciones íntimas entre las partes fueron con el consentimiento de ambos; y (4) al permitir que se llevara al récord referencia a la confesión del acusado antes de ser ésta admitida en evidencia y a pesar de que fue rechazada su admisión posteriormente.

1.—Se allana el Procurador General a que se revoque la sentencia dictada en el caso de violación. Indica que la prueba de corroboración ofrecida no es aquella que puede establecer la relación del acusado con la comisión del delito.

De entrada, es necesario resumir lo que hemos dictaminado sobre la corroboración, a la luz de lo dispuesto en la Regla 154 de las de Procedimiento Criminal. En *Pueblo* v. *de Jesús Cruz*, 94 D.P.R. 180 (1967), resolvimos que la corroboración exigida por esta Regla puede ser el testimonio de una persona sobre la queja que la perjudicada le hiciere, siempre y cuando la misma forme parte del *res gestae*. En *Pueblo* v. *Arroyo Agosto*, 93 D.P.R. 445 (1966), dijimos que la queja no constituye prueba de corroboración cuando no identifica al autor de la violación. Por último, cuando la persona que testifica sobre lo que la perjudicada le contó resulta no ser la primera persona a quien aquélla se quejó, su relación de lo que le dijeron no es admisible pues la queja ha dejado de ser parte del *res gestae*. *Pueblo* v. *Juan de Matta Ortiz Vizcarrondo*, Sentencia de 29 de junio de 1967; *Pueblo* v. *Márquez*, 64 D.P.R. 371 (1945). Bajo ciertas circunstancias especiales, como en *Pueblo* v. *Aponte*, 77 D.P.R. 917 (1955), hemos dicho que es admisible el testimonio de la segunda persona sobre lo que la perjudicada le informó con respecto al ultraje de que fue víctima. Dijimos en *Pueblo* v. *Colón*, 81 D.P.R. 814 (1960), que la declaración de la perjudicada requiere corroboración tanto en cuanto al acto sexual en sí como en cuanto al elemento de violencia que acompaña a dicho acto. También dijimos en *Colón*, supra, que no puede establecerse una medida para determinar la

suficiencia de la prueba de corroboración; que cada caso debe ser resuelto de acuerdo con sus peculiares circunstancias.

En el caso ante nos hubo dos testigos a quienes la perjudicada se quejó de los hechos. El primero, un empleado de un garage donde se despachaba gasolina, testificó que ella le dijo: "auxílieme señor, que han abus'o [*sic*] de mí y me vienen persiguiendo para darme." Añadió que no vio a nadie persiguiéndola ni recordó que momentos antes tomase gasolina un automóvil en que iban la perjudicada y el acusado; y que en la oscuridad no le vio golpe alguno, y por último, que le dijo que se escondiese "al lado de la puerta de la cafetería" hasta que llegase la policía.

El segundo de estos dos testigos fue el policía que llegó al garage a las tres menos cuatro de la madrugada. Al testificar que la perjudicada "me contó todo" la representación legal de la defensa objetó su testimonio por no ser parte del *res gestae*. Testificó que la perjudicada le dijo que "Ella alegó que andaba con un señor que conocía de vista, que él la había llevado por La Yuca y que había abusado de ella"; que la forzó a tener relaciones contra natura con él y le propinó unos golpes; que "Ella lucía con el labio superior un poco hinchado y el cuello y parte de los brazos amorotados [*sic*]"; que no vio al acusado.

El Dr. René Rigal testificó que examinó a la perjudicada al día siguiente y que tenía cardenales por el lado derecho de la cara, cuello, brazo izquierdo, traumas en ambos senos, y en la pared anterior del abdomen.

El apelante declaró en el proceso que conocía a la perjudicada; que la llevó en su automóvil como a las cuatro y media de la tarde del día de los hechos hasta un sitio llamado La Puntita donde tuvo contacto carnal con ella con su consentimiento; de allí regresaron como a medianoche. Negó que la hubiese poseído por la fuerza y que la hubiese golpeado; y que el contacto carnal sólo fue por la vía natural.

■ Concluimos que en este caso hubo prueba de la corroboración requerida por la Regla 154 de las de Procedimiento Criminal para declarar convicto al apelante del delito de violación. El propio apelante se identificó en su testimonio como la persona que tuvo contacto carnal con la perjudicada en su automóvil en la tarde y noche del día de los hechos. Relacionado así el apelante con los hechos del caso, la corroboración de la perjudicada de que dicho acto lo realizó el apelante mediante el uso de la fuerza y la violencia para vencer como venció la oposición de ella, consistió del testimonio del primer testigo a quien ella se quejó de que habían abusado de ella y el testimonio del policía y del médico con respecto a las muestras de los golpes que notaron en distintas partes del cuerpo de la perjudicada poco después de haber ocurrido los actos que dieron lugar a la acusación.

■ 2.—La prueba de la comisión del delito contra natura fue conflictiva. Consistió de los testimonios de la perjudicada, del médico que la examinó al día siguiente de los hechos y del apelante.

Hemos examinado el récord y no creemos que el testimonio de la perjudicada al efecto de que montó en un auto guiado por el apelante, un conocido de ella, bajo promesa de llevarla a la casa donde trabajaba pero que, por el contrario, la llevó a un lugar lejos, apartado y solitario, y a golpes la obligó a quitarse la ropa, pasar al asiento de atrás y a la fuerza y contra su voluntad tener relaciones sexuales y someterse al acto contra natura, y que al regreso pudo escapar cuando el apelante se detuvo en una tienda cerca del garage donde ella se escondió, sea increíble e inverosímil. Este testimonio, junto al del médico al efecto de que la perjudicada mostraba laceraciones en la región del ano, justificaban concluir que el apelante había cometido el delito contra natura de que se le acusó.

■ 3.—El cuarto apuntamiento con respecto a la admisión en evidencia de la confesión, carece de mérito. Cuando

el fiscal procedía a pasar prueba sobre la voluntariedad de una declaración, el juez de instancia preguntó si era exculpatoria y la defensa contestó que era inculpatoria porque se aceptaban los hechos. Hubo prueba de que la dio el apelante voluntariamente y de que se le hicieron las advertencias legales. Por último, el juez de instancia negó su admisión, luego de consignar en el récord que no la había leído aunque la solicitó y la tuvo en sus manos unos instantes, porque "no se le está dando cumplimiento debido a la Regla [22(b)] . . . me parece que la Regla exige un poco más que una mera advertencia . . . sino hacerle una serie de preguntas para que no haya lugar a dudas de que esa persona a quien se le hicieron las advertencias, entendió y comprendió su derecho." De la prueba en el récord aparece que dicha confesión fue enteramente voluntaria y que se tomó por el fiscal bajo garantías apropiadas en protección del acusado. No creemos que al obtenerse se infringiera la Regla 22 de las de Procedimiento Criminal que se refiere a procedimientos ante un magistrado. Concluimos, por lo tanto, que la referida confesión era admisible.

No obstante, el juez sentenciador indicó que basaba su dictamen en la prueba rendida, en los golpes que la perjudicada recibió y en el dictamen del médico.

*Se confirmará las sentencias dictadas por el Tribunal Superior, Sala de Ponce, en 20 de septiembre de 1965, en los casos Núms. G-65-40, de Violación, y G-65-38, del delito Contra Natura.*

El Juez Asociado Señor Torres Rigual no intervino.